### New vs. New and Snyder.

Where a bill is filed against a lunatic or an habitual drunkard and his committee jointly, it is a matter of course to appoint the committee guardian ad litem, to appear and answer the bill for the lunatic or drunkard, if the committee has no interest in the controversy adverse to that of the person for whom he is committee. And an order for that purpose, made upon the *ex parte* application of the committee, is regular.

Whether the complainant can in any case have the benefit of a discovery, by a personal answer on oath, from a drunkard or an infant ? *Quære.*

JACOB NEW, upon a commission issued out of this court, was found to be incapable of managing his own affairs by reason of habitual drunkenness, and a committee of his person and estate was appointed. The complainant afterwards filed his bill in this suit, against the drunkard and his committee, for the specific performance of a contract alleg-

January 23.

ed to have been made by the drunkard previous to the is-suing of the commission. The committee afterwards applied to the chancellor, *ex parte*, and obtained an order appointing him guardian ad litem to appear and defend the suit for the drunkard, and to put in an answer for him, as well as for himself as such committee.

*J. W. Edmonds*, for the complainant, thereupon applied to set aside the order as irregular, on the ground that the complainants' solicitor was entitled to notice of the application for such order; and he also claimed the right to a personal answer from the drunkard himself.

*J. Rhoades*, in behalf of the committee, opposed the motion. He insisted that the ex parte order, appointing the committee the guardian ad litem to appear and defend the suit for the drunkard, was regular. That the drunkard being incapable of conducting his own affairs was incompetent to put in an answer in his own name; and that the committee was the proper person to answer and defend the suit for both.

THE CHANCELLOR. In the case of lunatics it appears to be well settled that they are to defend suits in equity by their committees; and that upon a joint bill filed against the lunatic and the committee of his estate, the latter, if he has no interest adverse to that of the lunatic, is, as a matter of course, appointed guardian to appear and answer for him. (1 *Coll. on Lun.* 353. *Shelf. on Lun.* 424.) Where it appears from the complainant's own bill that the party proceeded against has been found to be a lunatic and that his estate is under the care of a committee, as by his own showing he is not entitled to a personal answer from the lunatic, he has no claim to notice of the application to appoint the guardian ad litem to appear and answer, any more than he would have in the case of a defendant who is proceeded against as an infant. And as the statute puts ideots, lunatics, habitual drunkards and other persons of unsound mind upon the same footing, both as to the guardianship of their

persons and the management of their estates, the same course of practice is equally applicable to all. The order in this case was therefore regularly entered.

As the complainant in the present case has expressly waived an answer on oath from the defendants, the question does not arise whether a complainant can, in any case, have the benefit of a discovery from the drunkard, in his rational and sober moments, as to facts within his own knowledge only. If any such discovery can be obtained either from an habitual drunkard or a minor, who are both considered as incapable of protecting their own rights and must therefore answer by their legal guardians, a very special case must be made by the complainant's bill, showing the absolute necessity of such a discovery to prevent a failure of justice ; and the same must be verified by his oath. But in an ordinary case, if the drunkard was permitted to put in his answer in person, especially without oath, and to admit away his rights, it would be useless for this or any other tribunal to attempt to protect his property against his own improvidence.

Motion denied, with costs.