Campbell, J.
The complaint was in the name of the wife, against the husband, asking for a limited divorce. An order was made allowing alimony. A motion is now made to vacate that order, and to dismiss the complaint, on the ground that the wife cannot sue without a next friend. Section 114 of the code *716 provides that when a married woman is a party, her husband must be joined with her, except, 1. that she may sue alone when the action concerns her separate property; and 2. she may sue or be sued alone, when the action is between herself and her husband.
It would seem as if the mere reading of the last subdivision of this section was 'all that was requisite. She may sue or be sued alone. If the word “ alone ” has any meaning, it cannot refer to her husband. We cannot construe it, when the action is between herself and her husband, that she may sue or be sued without her husband. The law only means that she may sue or be sued without the intervention of any other party. Under the former law, the wife might sue in her own name alone, where she sued for an absolute divorce. It was held, however, that where she sued for a separation from bed and board, she could do so only by her next friend. The language of the statute Was however different in respect to the two proceedings.
It is unnecessary here to refer to the provisions of the revised statutes on the subject, but it may be remarked that in the leading case of Wood v. Wood, 8 Wen. 357, it was held, by Chief Justice Savage and a very considerable minority of the court for the correction of errors, that even under those provisions, the wife could sue for a separation without a next friend. If under the code, a wife cannot sue for a separation without a next friend, neither can she, it would seem, sue alone for an absolute divorce. Her right to sue for one or the other, is now given together in the same section, and without any distinction. She may sue or be sued alone when the action is between herself and her husband. She may sue him, or he may sue her, for a divorce absolute, without any intervening party. No one doubts this, and yet the same language is applied to all cases between husband and wife. I cannot see how the distinction can be taken, and I must hold that where the action is for a limited divorce, the wife may sue in her own name alone. The motion ‘ must be denied without costs. My associates, Judges Duer and Mason, to whom this opinion has been submitted, concur with me.