## SUPREME COURT.

### HELLER agt. HELLER.

Service of a summons upon one with whom a person of unsound mind resides, is not good service. It should be upon the defendant himself, and if he has a committee, also upon the committee.

If a lunatic defendant has a committee whose interests are not adverse to him, the committee can be appointed *guardian ad litem*, *ex parte* and of course. In England, no guardian in such case, perhaps, is now necessary.

Where there is no committee of a person of unsound mind who is sued, a guardian *ad litem* can be appointed on the application of the plaintiff, or on the application of some relative, &c. If the application is by a relative, notice of the application should be given, unless the bill or complaint states that the defendant is a lunatic.

By the Code of 1851, a married woman, when her husband is not her coplaintiff or codefendant, must prosecute or defend by her next friend.

A married woman said to be of unsound mind had lived with her brother, apart from her husband many years. On a suit for a divorce *a vinculo*, it was held that notice should be given of a motion made on the petition of her brother for the appointment of a guardian or next friend; it not appearing that the complaint contained any allegation that she was a lunatic.

———— *Special Term, November* 1851. Action against wife for a divorce for adultery.

The petition of the defendant's father and brother, duly verified, stated that the defendant resided with her brother, apart from her husband, and had done so for many years, and the summons and complaint were served on him. That she had no committee, and her father and brother were her only male relatives in the state, and that she was insane and totally incapable of putting in an answer or conducting the defence, or transacting any business whatever.

S. AMES, for defendant, moved *ex parte*, for the appointment of a *guardian ad litem*, or next friend, to appear and defend the suit.

HAND, Justice.—If the summons was served on the brother of the defendant only, the service is not sufficient, and I think the court should not act upon such service, unless the irregularity is in some way waived. If she be insane, the service must be personal; and if there be a committee, also on the committee (*Code*,

§ 134). The section (409) relative to service at the residence, does not apply to the service of a summons.

Before the Code, the committee of a lunatic defendant, not having interests adverse to the lunatic, could have an order appointing the committee guardian of course. And no notice to the opposite party was necessary when the committee applied (New v. New, 6 *Paige*, 237; 1 *Barb. Ch. Pr.* 86; *Shelf. on Lun.* 424). Indeed, in such cases, in England, no guardian, it would seem, is now necessary (Lady Hartland v. Atcherly, 7 *Bearan*, 53; 2 *Dan. Pr.* 870), By the Code, " when a married woman is a party, her husband must be joined with her, except that when the action concerns her separate property, she may sue alone; and when the action is between herself and her husband, she may sue or be sued alone. But where her husband can not be joined with her as therein provided, she shall prosecute or defend by her next friend" (§ 114).

Where he is not a coplaintiff or a codefendant, it seems, she must now always, prosecute or defend by *prochien ami*. The alteration of § 114 by the amended Code of 1851, seems to have settled the practice which was mooted in Shore v. Shore, 2 *Sandf.* 715;; Tippel v. Tippel, 4 *How. Pr. R.* 346; and Coit agt. Coit, 6 *id.* 53; *same case*, 4 *id.* 232.

Where no committee had been appointed, a person of unsound mind, before the Code, defended by a guardian *ad litem* (*Shelf. on Lun.* 425; Wilson v. Grace, 14 *Ves.* 172; *Mitf.* 104; *Stor. Eq. Pl.* § 70; 1 *Dan. Pr.* 203; 1 *Barb. Pr.* 86). But whether notice of the application should be given to the opposite party, in such cases does not seem to be well settled. No notice is taken of the appearance of counsel for the plaintiff in the reports of the cases of Wilson vs. Grace, *supra;* Markle vs. Markle (4 *J. C. R.* 168); Att'y Gen. vs. Waddington (1 *Mad. R.* 321); nor in Howlett vs. Wilbraham (5 *id.* 423). It is said in this last case, that the plaintiff moved; but it appears by *Daniel's Practice* that the motion was on the part of the defendant (1 *Dan. Pr.* 203). But it does not appear that notice was not given in the above cases; and in Pryce vs. Page, there was an appearance for the

plaintiff (1 *Mad. R.* 321). Where the complaint does not state that the defendant is a lunatic, I am inclined to think, notice of the application to appoint a guardian should be given, particularly in a matter so important to the parties as a suit for a divorce *a vinculo*. The plaintiff should have an opportunity to know why the suit is defended by a guardian instead of the party. In this case, the defendant being a *feme covert*, must, as we have seen, appear by a next friend. The next friend for a *feme covert* plaintiff, in ordinary cases, acts by her consent (Fulton v. Rosevelt, 1 *Paige*, 180). But a lunatic can not consent. However, a plaintiff may apply for the appointment of a guardian *ad litem* for a lunatic defendant (*Shelf. on Lun.* 426); and a relative did so, in Markle vs. Markle, *supra*. The next friend, required by the Code, stands in the place of the former guardian *ad litem*, and should be appointed in the same way.

But notice of the motion should have been given, unless the complaint alleges that the defendant is insane, in which case, that should be made to appear before the motion can be granted *ex parte*. Order refused.