MYRA SANFORD, Appellant, v. BELA SANFORD, Administratrix, etc., Respondent.

Legal liabilities may be enforced against lunatics and idiots, whether the mental incompetency has been judicially determined or not. The idiocy therefore of the debtor does not take a claim out of the operation of the statute of limitations during his lifetime, but the statute begins to run against the claim the same as if he were of sound mind.

Where the statute of limitations has begun to run during the life of the debtor, it does not cease running during the period which may elapse between his death and the granting of administration upon his estate, save that eighteen months after the death is, by statute (2 R. S., 448, § 8), not to be deemed part of the time limited.

Where, therefore, after the accruing of a cause of action as to which the six years' limitation applies, but before the expiration of the time limited the debtor dies and an action is brought more than seven years and a half after the cause of action accrued, and after the lapse of the year from the issuing of letters of administration allowed by the Code (§ 102) for the bringing of actions in such cases, the action is barred.

(Argued June 24, 1875; decided September 21, 1875.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon the report of a referee appointed under the statute providing for the reference of claims against the estates of deceased persons. (Reported below, 2 Hun, 94.)

The claim was for a balance alleged to be due for board, clothing and necessaries furnished Warren Sanford, defendant's intestate, together with one item for funeral expenses. The defence was the statute of limitations. Said intestate died December 9th, 1864. Defendant was appointed administratrix of his estate November 19th, 1870. Plaintiff presented her claim December 8th, 1870. The agreement to refer was dated December 16th, 1872. It was approved by the surrogate, and the order of reference thereon entered December 31st, 1872.

On the 9th July, 1847, in proceedings *de lunatico inquirendo*, said Warren Sanford was duly adjudged to be an idiot and a committee of his person and estate appointed. The

committee died in 1854. No new committee was appointed. For ten years prior to his death said Warren boarded with and was clothed and cared for by plaintiff, and after his death she paid his necessary funeral expenses. The referee decided that the claim was not barred and directed judgment for the balance of the account, with interest. The report was confirmed and judgment was entered accordingly.

*C. M. Woodward* for the appellant.

*S. C. Keeler* for the respondent. The statute of limitations applied to the whole claim accruing before Warren's death. (*Tracy* v. *Suydam*, 30 Barb., 110; *Buckley* v. *Chapin*, 1 Lans., 443; 2 R. S. [Edm. ed.], 467, § 8; Code, § 102; *Reynolds* v. *Collins*, 3 Hill, 36; *Wenman* v. *Mohawk Ins. Co.*, 13 Wend., 268; Dayton's Surrogate, 315, 316; *Scoville* v. *Scoville*, 45 Barb., 517.) The statutes of limitation make no exceptions in favor of lunatic defendants. (Barb. on Parties, 145, 219; *Faulkner* v. *McClure*, 19 J. R., 134; *Sternburg* v. *Schoolcraft*, 2 Barb., 153; *Williams* v. *Cameron*, 27 id., 172; *Robertson* v. *Lain*, 19 Wend., 647; *Brown* v. *Nichols*, 9 Abb. Pr. [N. S.], 14, 15; Code of Procedure, chap. 4; *Powers* v. *Hathaway*, 43 Barb., 214; *Bucklin* v. *Ford*, 5 id., 393; 2 R. S. [Edm. ed.], § 8, p. 467.)

ALLEN, J. Assuming that at no time during the life of the intestate there was any one in existence capable of being sued, so that there was a suspension of the right of action from the first, it follows that the cause of action did not accrue, so as to put the statute of limitations in operation, until the granting of letters of administration in 1870, and these proceedings were commenced by the order of reference in 1872. If the idiocy of the intestate took the claim out of the operation of the statute during all his life, the cause of action was not barred at the time of the initiation of this procedure. The term " cause of action " includes not only the right proper, but the existence of a person by or against whom process can issue. A cause of action cannot accrue or

exist unless there is a person *in esse* against whom an action can be brought, and the right of action enforced. It is well said, that " when there is no person to sue there can be no laches." A case literally within the words of the statute is without its spirit, when it is impossible to maintain a suit at law. (*Richards* v. *Maryland Ins. Co.*, 8 Cranch, 84.) It is directly adjudged that the statute does not commence to run against the representatives of a deceased creditor upon an obligation incurred, or debt becoming due after his decease, until administration is granted upon his estate. there being no cause of action until there is a party capable of suing. (*Murray* v. *East India Co.*, 5 B. & Ald., 204; *Bucklin* v. *Ford*, 5 Barb., 393 ; *Cary* v. *Stephenson*, 2 Salk., 421.) In order to put the statute in motion there must not only be a person *in esse* to sue, but a person to be sued. (*Davis* v. *Garr*, 2 Seld., 124; *Levering* v. *Ritterhouse*, 4 Whart., 130, per NELSON, J. ; *Wenman* v. *Mohawk Ins. Co.*, 13 Wend., 267; *Jolliffe* v. *Pitt*, 2 Vern., 694; *Douglas* v. *Forrest*, 4 Bing., 686 ; *Benjamin* v. *De Groot*, 1 Denio, 155.) But if the statute has once begun to run in the lifetime of the testator or intestate, it does not cease running during the period which may elapse between his death and the granting of administration upon his estate, and there is an executor or administrator qualified to act, except that by the statutes of this State the time of eighteen months after the death of any testator or intestate is not deemed any part of the time limited by law for the commencement of actions against his executors or administrators; and an action may be brought against executors and administrators within one year after the issuing of letters testamentary or administration, if the person against whom an action might have been brought has died before the expiration of the time limited for the commencement thereof. (2 R. S., 448, § 8 ; Code, § 102.) These provisions may extend the time for bringing actions, under peculiar circumstances, for nearly two years and a half. Eighteen months may be stricken out under the Revised Statutes, and the time extended for any period short

of a full year under the Code. Except as provided by statute, if the time has commenced to run against a cause of action, it will continue to run notwithstanding the intervention of some of the disabilities mentioned in the statute. (Code, § 106; *Wenman* v. *Mohawk Ins. Co.*, *supra*; *Christopher* v. *Garr*, 2 Seld., 61.)

The claim for the funeral charges incurred and paid by the claimant after the death of the intestate was a proper charge, reasonable in amount, and was not barred by the statute of limitations. The time did not begin to run against that item until the granting of administration to the defendant in November, 1870. The question then is as to the bulk of the account, and whether the statute had commenced to run during the life of the intestate. If it had, the operation was not suspended by the death of the debtor, except for the eighteen months after such death; and if after deducting that time the full six years had not elapsed, for twelve months after the issuing of letters of administration. But deducting both periods of time, the claim was barred if the cause of action had accrued, and the time had commenced to run against the idiot intestate during his life. The rule is, that actions upon simple contracts are barred upon the lapse of six years after the action shall have accrued; and a party seeking to enforce a contract by suit at law, after the prescribed period, must bring himself and his action within some of the exceptions to the statute. The statute prescribes a general rule for all cases, and that, with the exceptions and limitations contained in it, must give the law for each particular case. The plaintiff was at no time under any disability, and the compensation to which she was entitled was due instanter upon the performance of the service, and the furnishing the board and clothing to her idiot brother, as there was no credit or agreement for the giving of time. The statute, while it deducts from the time prescribed for the commencement of actions the period during which the plaintiff or claimant is under certain disabilities, such as infancy, coverture and insanity, makes no such allowance

for like disabilities of the adverse party, the debtor. There was no legal impediment to an action against the intestate.

Had there been a committee in office, the creditor could have petitioned the court either for a summary adjustment and payment of her claim, or for leave to sue. As there was no committee, although it seems the judgment of the court, determining that the debtor was *non compos mentis*, was in force, the plaintiff might have applied to the court for leave to sue, or, perhaps, have brought an action without such leave. One or the other of these courses was open to the plaintiff, and which would have been the proper practice it is not necessary to determine. The mental incompetency of the intestate, whether judicially determined or not, did not interfere with the enforcement of the legal liability resulting from the relation and the acts and necessities of the parties. Legal liabilities may be enforced against lunatics, idiots and infants, and hence the fact that they are not in all respects *sui juris* has not been regarded as a reason for extending the time allowed by statute for commencing actions against them. (*Rogers* v. *McLean*, 34 N. Y., 536; *New* v. *New*, 6 Paige, 237; *In re Heller*, 3 id., 199; *Bush* v. *Pettibone*, 4 Comst., 300; 1 Ch. Pl., 41; Shelford on Lunacy, 407, *et seq.*) Whether insanity or idiocy constitutes a defence to an action depends upon circumstances, and courts will properly protect the rights of those incompetent to care for themselves. But there is no inhibition of a legal proceeding against them. That part of the claim which arose during the life of the intestate was barred; and in granting a new trial no error was committed.

The order must therefore be affirmed, and judgment absolute given for the defendant. It is possible that the right of action for the burial charges may be saved under section 104 of the Code, but that question is not before us.

All concur; MILLER, J., not sitting.

Order affirmed and judgment accordingly.