McAdam, Ch. J.
The court below, on the application of the plaintiff, appointed a guardian for the defendant, to appear and defend the action for him. The defendant is non compos mentis, but of full age, not an idiot from nativity, has not been judicially declared insane in proceedings instituted for that purpose, and no committee of his person or estate has as-yet been appointed.
The question presented is whether the court below had *187 power to make such an order. We do not find any express provision of the Code especially applicable to such a case ;* but we do find authorities which assert the existence of the power and approve of its exercise. The court has jurisdiction of the subject-matter of the action, and acquired jurisdiction over the person of the defendant by the personal service of process upon him (Prentiss v. Cornell, 31 Hun, 167 ; Robertson v. Lain, 19 Wend. 649 ; Bayard v. Scanlon, 1 City Ct. R. 487). The insanity of the defendant does not prevent this jurisdiction from attaching, for lunatics may be sued precisely as though they were sane.
Legal liabilities may be enforced against lunatics, whether the mental incapacity has been judicially declared or not (Sanford v. Sanford, 62 N. Y. 553; Brown v. Nichols, 9 Abb. Pr. N. S. 1, 15 ; Prentiss v. Cornell, 31 Hun, 167; Clarke v. Dunham, 4 Den. 262). The following cases sustain the practice followed at special term. They seem to hold that the proper course is to have a guardian appointed, and that if the lunatic’s friends do not move, the plaintiff may (Wilson v. Grace, 14 Vesey Jr. 172; Heller v. Heller, 6 How. Pr. 194 ; 1 Dan. Ch. Pr. 177; Thelford on Lunacy, 425 ; 1 Barb. Ch. Pr. 86 ; Faulkner v. McClure, 18 Johns. 134). The object of the appointment seems to be that no injustice may be done to the incapacitated defendant, and that his rights and interests may be guarded and protected. No harm can come from this.
We have concluded, therefore, to affirm the order appealed from, but without costs.
Browne, J., concurred.

 The case of a defendant who has been judicially declared to be incompetent in consequence of lunacy, or idiocy, is expressly provided for by Code Civ. Pro. § 428, allowing the appointment of a spe.cial guardian ad litem to the exclusion of the committee.
As to service of summons where a defendant from any cause is mentally incapable adequately to protect his rights, see Code Civ. Pro. §427.