SAMUEL W. CHURCH AND GEORGE W. RAY, AS SPECIAL GUARDIAN OF SAMUEL W. CHURCH, APPELLANTS, *v.* CHARLES W. OLENDORF, GEORGE N. BARNES, JOHN W. CHURCH, AND JOHN W. CHURCH, AS ADMINISTRATOR, ETC., OF ELLA B. CHURCH, DECEASED, RESPONDENTS.

*Statute of limitations — effect of the decease of the debtor — the provisions in sections 403, 406 and 2750 of the Code of Civil Procedure, directing that certain periods should not be deemed a part of the time limited, construed.*

In a proceeding, commenced on March 7, 1887, in a Surrogate's Court for the sale of the real estate of a decedent to pay her debts, the defense of the statute of limitations was interposed. The debt was secured by a note given by the decedent to one Olendorf, June 12, 1878, payable on demand. The decedent died intestate, November 13, 1878, leaving her surviving an only child and her husband, to the latter of whom letters of administration on her estate were duly issued by the Surrogate's Court on March 12, 1884.

No payments were ever made upon the note by the decedent, nor did Olendorf ever file any petition for the appointment of an administrator of the estate, or institute any other proceeding or action in relation to her estate, or to enforce his debt against her estate or property until he commenced these proceedings. The administrator never had any accounting, except to give evidence on the trial of this proceeding, which was taken as his account.

*Held*, that the statute of limitations commenced to run from the date of the note, and that, as the claim was founded upon an express contract other than a judgment or sealed instrument, the six years' limitation was applicable.

That, as the statute of limitations had begun to run during the life of the debtor, it did not cease running during the period which elapsed between her death and the granting of administration upon her estate, save that eighteen months after her death was, by the statute then in force (Code of Civil Pro., § 403), not to be deemed a part of the time limited.

That the provision contained in the said section, providing "that if letters testamentary, or letters of administration, upon his estate are not issued within the state at least six months before the expiration of the time to bring the action, as extended by the foregoing provision of this section, then the term of one year after such letters are issued is not a part of the time limited for the commencement of such an action," only applies to a case where the letters are not issued six months or more before the expiration of the time, including the eighteen months, within which the action may be brought, and that, therefore, to entitle the respondent to such additional time the letters must have been issued within six months before the expiration of the time limited for the commencement of such proceeding, while, in this case, the letters were issued nearly two years before the expiration of the period of limitation.

That, as under the law as it stood, prior to 1880, the respondent could not commence such a proceeding as this until after the executor or administrator had rendered his account, such a proceeding was staid by a "statutory prohibition," within the meaning of that term as used in section 406 of the Code of Civil Procedure, providing that the time of the continuance of such a stay is not a part of the time limited for the commencement of the action.

That, although the time which elapsed between the death of the decedent and September 1, 1880, could not be considered as a part of the time limited for the commencement of this proceeding, yet, as such time included the eighteen months given by the former statute, and by section 403 of the Code of Civil Procedure, the respondent was entitled to exclude from the operation of the statute of limitations only the time between the decedent's death and September 1, 1880, that, therefore, the proceeding was barred by the statute of limitations.

The provision contained in section 2750 of the Code of Civil Procedure, providing that, at any time within three years after letters are first duly granted within the State upon the estate of a decedent, a creditor may institute such a proceeding, is not to be construed as extending the statute of limitations indefinitely, so that the creditor may institute such a proceeding at any time within three years after letters are issued, regardless of the term or period which may have elapsed before such letters were issued, but its purpose was to restrict the right of the creditor or representative to institute such a proceeding to the period of three years after letters were granted, and not to extend the period of limitation.

APPEAL from a decree of the Surrogate's Court of Chenango county, which directed the sale of the real estate of Ella B. Church, deceased, for the payment of a debt of the respondent Charles W. Olendorf, which was established at the sum of $2,176.56. The above was the only claim which was allowed.

*George W. Ray*, for the appellant.

*I. S. & H. D. Newton*, for the respondent Olendorf.

MARTIN, J.:

This was a proceeding for the sale of the real estate of the decedent to pay her debts. It was instituted by the respondent Olendorf, as a creditor of the decedent, under the provisions of title 5, chapter 18, part 2 of the Code of Civil Procedure. The defense interposed and relied upon by the appellant was the statute of limitations.

The debt, which was the basis of this proceeding, so far as the questions involved on this appeal are concerned, was secured by a note given by the decedent to the respondent, June 12, 1878, upon which there was unpaid the sum of $1,413.80, besides interest. This note was payable on demand. No payments were ever made

thereon by the decedent. The decedent died intestate, November 13, 1878, at Norwich, N. Y., where she then resided. She left her surviving the appellant, her only child, next of kin and heirs-at-law, and her husband John W. Church. Her personal estate did not exceed in value the sum of $150. At the time of her death she had an interest in certain real estate which is now of the value of $2,500. Letters of administration on her estate were duly issued by the Surrogate's Court of Chenango county to her husband March 12, 1884.

The respondent Olendorf never filed any petition for the appointment of an administrator of the estate of the decedent, nor instituted any other proceeding or action in relation to her estate, or to enforce his debt against her estate or property until he commenced this proceeding March 7, 1887. There was no litigation in relation to this claim, it was admitted by the administrator. The administrator never had any accounting except to give evidence on the trial in this proceeding, which was taken as his account. It was five months and one day from the date of the note to the day of the decedent's death. Five years, three months and twenty-nine days elapsed between the time of her death and the issuing of letters of administration. It was two years, eleven months and twenty-five days from the time when such letters were issued to the commencement of this proceeding. From the time when the note was given to the commencement of this proceeding was eight years, eight months and twenty-five days. From the decedent's death to September 1, 1880 was, one year, nine months and thirteen days; and from September 1, 1880, to the commencement of this proceeding was six years, seven months and five days.

The only question here involved is whether the respondent's remedy to enforce the claim upon which this proceeding was based was barred by the statute of limitations. This was a special proceeding. (Code Civil Pro., §§ 2755, 3334.) The statute of limitations applies to special proceedings as well as actions. (Code Civil Pro., § 414.) The statute of limitations commenced to run from the date of the note. (*Wheeler* v. *Warner*, 47 N. Y., 519; *McMullen* v. *Rafferty*, 89 id., 456, 458.) The respondent's claim being founded upon an express contract, other than a judgment or sealed instrument, the six years' limitation was applicable. (Code

Civil Pro., § 382.) The statute had commenced to run before the death of the decedent. It is a general rule, applicable to limitations of actions, that when the statute has once commenced to run it will not cease by reason of any subsequent event which is not within some saving provision of the statute. (Wood on Limitations, § 8.) Where the statute of limitations has begun to run during the life of the debtor, it does not cease running during the period which may elapse between his death and the granting of administration upon his estate, save that eighteen months after the death is, by statute, not to be deemed a part of the time limited. (*Sanford* v. *Sanford*, 62 N. Y. 553.)

As we have already seen, eight years, eight months and twenty-five days had elapsed between the time when the note was given and the commencement of this proceeding. It is, therefore, quite manifest that the respondent's remedy for the enforcement of this claim was barred when this proceeding was instituted, unless there is some provision of statute which either extends the period of limitation in such a case or in some other way protects this claim from the operation of the six years' limitation.

The Code of Civil Procedure provides that " the term of eighteen months after the death, within the State, of a person against whom a cause of action exists, is not a part of the time limited for the commencement of an action against his executor or administrator. If letters testamentary or letters of administration upon his estate are not issued within the State at least six months before the expiration of the time to bring the action, as extended by the foregoing provision of this section, the term of one year after such letters are issued is not a part of the time limited for the commencement of such an action." (Code Civil Pro., § 403.) If this section of the Code is applicable to this proceeding, and we think it is, then it is quite obvious that the eighteen months following the death of the decedent formed no part of the six years' limitation. In other words, by this provision of the statute the time at the expiration of which the respondent's claim would have become barred was extended from six years to seven years and six months.

The learned surrogate not only held that the statute did not run during the eighteen months following the death of the decedent, but, as appears from his opinion, he also held that it did not run

during the year succeeding the issuing of letters. In this latter conclusion we think he was wrong. The provision of section 403, upon which he based his conclusion, is, in effect, that if letters are not issued at least six months before the expiration of the time to bring the action, as extended by the eighteen months' provision, then the term of one year after letters are issued is not a part of the time limited. The learned surrogate construed this provision of the statute as though it had read, in case letters are not issued within six months before the expiration of the eighteen months' extension of the six years' statute of limitations, then the term of one year after such letters are issued is not part of the time. limited. Such is not the statute, nor do we think such a proper construction of it. We think it is only in a case where the letters. are not issued six months or more before the expiration of the time. (including the eighteen months) within which the action may be brought that the additional year is given. And, therefore, to have entitled the respondent to such additional time the letters must have been issued within six months before the expiration of the time. limited for the commencement of such proceeding. Such was not. the case here. Here the letters were issued nearly two years before the expiration of the period of limitation. Hence we are of the opinion that the time was extended by section 403 for the period of eighteen months, and not for the period of two years and six months, as was held by the court below.

The Code also provides that where the commencement of an action has been staid by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action. (Code Civil Pro., 406.) At the time of Mrs. Church's death part 2 of the Code of Civil Procedure had not been passed, and, therefore, the rights of the respondent were governed by the statutes then in force, until September 1, 1880, when the second part of the Code of Civil Procedure went into effect. As the law stood prior to September 1, 1880, the respondent. could not have commenced such a proceeding as this until after the executor or administrator had rendered his account, and thus such a proceeding was staid by statutory prohibition until September 1, 1880. (*Mead* v. *Jenkins*, 95 N. Y., 31.) The former statute was. repealed by chapter 245, Laws 1880, and such proceedings are now

and have since been controlled by the Code of Civil Procedure. Section 2750 confers upon the creditor the right to institute such a proceeding at any time after letters are granted, and no previous accounting is required.

The time which elapsed between the death of the decedent and September 1, 1880, cannot, therefore, be considered as a part of the time limited for the commencement of this proceeding, but as it included the eighteen months given by the former statute and by section 403 of the Code of Civil Procedure, the respondent is entitled to exclude only the time between the decedent's death and September 1, 1880. Excluding that time, and still more than six years had elapsed before the commencement of this proceeding; therefore, unless there is some other statutory prohibition or extension of the time within which to commence this proceeding, the respondent's remedy was barred, and the Surrogate's Court erred in making the decree appealed from.

If correctly understood, the claim of the respondent is that section 2750 provides that at any time within three years after letters are first duly granted within the State upon the estate of a decedent a creditor may institute such a proceeding, and that that provision, in effect, extends the statute of limitations indefinitely, so that the creditor may institute such a proceeding at any time within three years after letters are issued, regardless of the period of time that may have elapsed before such letters were issued. We do not think that this claim can be sustained. We think such was not the intent of the statute, but that its purpose was to restrict the right of the creditor or representative to institute such a proceeding to the period of three years after letters were granted, and not to extend the period of limitation. (*Chapman* v. *Fonda*, 24 Hun, 131; *Sanford* v. *Sanford*, 62 N. Y., 553.)

We are of the opinion that the respondent's remedy by this proceeding was barred by the statute of limitations, and that the Surrogate's Court erred in granting the decree appealed from. For this error the decision and decree appealed from should be reversed and a new trial granted.

HARDIN, P. J., concurred; FOLLETT, J., not voting.

Decree of the Surrogate's Court reversed and new trial ordered, with costs of the appeal to abide the final award of costs.