In the Matter of the Application of DALLAS S. TOWNSEND and Another for Appointment of Ancillary Committee of the Person and Property of ISABEL D. McHIE, an Incompetent.

ISABEL D. McHIE, Petitioner, Appellant; DALLAS S. TOWNSEND and Others, Respondents.

First Department, November 6, 1931.

*Charles G. Coster* of counsel [*William J. Rapp* with him on the brief; *Hann & Rapp*, attorneys], for the appellant.

*George Gordon Battle* of counsel [*Herbert Barry* with him on the brief; *Barry, Wainwright, Thacher & Symmers*, attorneys], for the respondents Dallas S. Townsend and Stuart S. Janney.

*Herman Hoffman*, special guardian.

*Albert J. Hiers*, for the surety, respondent, New Amsterdam Casualty Company.

TOWNLEY, J.   Petitioner, a resident of New York, whose property is all located here, went to Baltimore for medical treatment.   She

occupied an apartment in the Belvedere Hotel. On the night of November 15, 1930, she became violent and caused such a disturbance that the hotel authorities called in two doctors who ultimately took her to the Sheppard and Enoch Pratt Hospital at Towson, Md., for observation and treatment. Thereafter, upon the petition of her mother, she was declared to be incompetent by the Circuit Court of Baltimore, and Dallas S. Townsend and Stuart S. Janney were appointed committee of her person and estate.

The committee on January 14, 1931, petitioned to be appointed ancillary committee in the State of New York. This petition was granted and an order was entered January 16, 1931. By an order entered on the 29th day of January, 1931, this committee was authorized and directed to expend a large sum of money on behalf of the petitioner. The committee has taken possession of substantially all of her estate in New York State, amounting in the aggregate to approximately $400,000.

The petitioner in this proceeding alleges that she is a resident of the State of New York, that the court is without jurisdiction to appoint an ancillary committee of her property, and that she is entirely sane. The petition in its prayer for relief asks that the petitioner be declared sane, that the order appointing an ancillary committee of her property be vacated *nunc pro tunc*, that she be restored to possession and control of her property, and that the ancillary committee be required to account forthwith.

The judge at Special Term granted the motion to the extent of appointing a referee to hear and report on the questions raised by the petition and answer, and directed that petitioner submit to an examination by physicians selected by respondents. The justice making this order stated in two opinions that the petitioner was a resident of the State of New York. The papers on this application clearly demonstrate the correctness of this conclusion. The only allegation as to residence contained in the petition upon which the ancillary committee was appointed, was that the petitioner was residing at the Sheppard and Enoch Pratt Hospital at Towson, Baltimore county, Md. Obviously, petitioner's forced confinement in that institution is no indication of any intention to abandon the residence which she has maintained in New York for many years and where all of her property is located.

The courts of this State have no jurisdiction to appoint an ancillary committee of the property of a resident incompetent. (*Matter of Curtiss*, 134 App. Div. 547; affd., 197 N. Y. 583; Civ. Prac. Act, § 1363.) When it became established in this proceeding that the petitioner was a resident of the State of New York, she became

immediately entitled to an order vacating the appointment of the ancillary committee and to the return of the property which had been taken by this committee. If her sanity is to be inquired into and a committee appointed in this State, it can only be done in an appropriate proceeding maintained as prescribed by the provisions of the Civil Practice Act.

The order appealed from must be reversed and the motion granted to the extent of vacating the order appointing the ancillary committee *nunc pro tunc* as of January 16, 1931, directing the ancillary committee to forthwith return to the petitioner full possession and control of her property, and ordering such committee to account. The committee upon such accounting should be allowed credit for any moneys actually disbursed for the account of the petitioner, but no commissions, attorneys' fees or other expenses of this proceeding should be allowed.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted as indicated in this opinion.

FINCH, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted as indicated in opinion. Settle order on notice.