JOSEPH SOBEL, Plaintiff, *v.* MINNIE SOBEL et al., Defendants.

Supreme Court, Special Term, New York County, May 14, 1943.

*Koenig, Siskind & Drabkin* for plaintiff.

*Stein & Wiener* for defendants.

EDER, J. It is the duty of the court to protect the rights and interests of an incompetent or insane litigant.

The plaintiff seeks to avoid certain transactions upon the basic ground that he was mentally incapacitated at the time he entered into and consummated them. After opening statements by respective counsel, the introduction by plaintiff of a deposition of one of the defendants, and some documentary proof, but before any evidence taken *viva voce,* suggestion was made that plaintiff's present mental condition is such that he is unable to intelligently comprehend the litigation or the import of his acts.

The court, to satisfy its own conscience, acted upon the suggestion, and, in the exercise of discretion, determined that it would inquire into the mental condition of the plaintiff *in limine.* A competent physician was appointed and he examined the plaintiff and has made his report. His examination of the plaintiff reveals that he shows signs of active dementia praecox and reports it as his professional opinion that plaintiff does not know the import of his acts.

The only proper subject of inquiry for the court is the present capacity or incapacity of the plaintiff to superintend the prosecution of his cause of action. If he is incapable of doing

so a guardian *ad litem* may be appointed, though the authority of the court to make such an appointment has been questioned in the case of an adult incompetent. However that may be, the appropriate step to be taken and the proper course to pursue would appear to be to stay the trial of the action until application is made for the appointment of a committee and obtained in the manner prescribed by statute, thus affording the alleged incompetent a formal opportunity to proceed, to be represented by counsel, and to a trial by jury, thereby securing to him the protection which the law contemplates and provides for. (Civ. Prac. Act, art. 81; *Finch* v. *Goldstein*, 245 N. Y. 300; *Matter of McHie*, 233 App. Div. 388.)

Should such proceedings be instituted and an adjudication of incompetency result and a committee be appointed, the committee could be substituted for the incompetent; and though I am nonetheless satisfied from more modern rulings that a guardian *ad litem* may be appointed, by summary procedure, in the case of an adult incompetent, I regard it as the safer course not to summarily appoint such a representative, and that the issue of mental capacity or incapacity be determined as prescribed by article 81 of the Civil Practice Act.

In accepting the report and recommendation of the examining physician, it is for the limited purpose only of satisfying the conscience of the court and to aid it in deciding whether or not the trial of the action shall be stayed and it is not considered or regarded as binding or effective for any other purpose. In the meantime the action is marked stayed.