JOHN F. McCABE, an Alleged Incompetent, by HELEN McCABE, His Guardian ad Litem, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27610.)

Court of Claims, February 13, 1947.

*Thomas Cartelli* and *Samuel Bernstein* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Donald C. Glenn* of counsel), for defendant.

LOUNSBERRY, J. John F. McCabe was committed to the Rock-·land State Hospital by order of the Supreme Court, pursuant to the procedure prescribed in the Mental Hygiene Law, September 15, 1942. On December 16, 1942, while an inmate of the hospital, he sustained personal injuries through the alleged negligence of the State of New York. He was paroled in March

of 1943. On June 2, 1943, which was more than ninety days after the occurrence of the injuries, he made a motion in this court, returnable before Judge GREENBERG, to dispense with the filing of notice of intention to file claim, which was in effect a motion to dispense with the filing of such notice or of the claim within the ninety-day period prescribed by statute.

The record does not disclose exactly what occurred with respect to this motion. Apparently, Judge GREENBERG concluded that McCabe was not competent to protect his interests in the matter, and decided to appoint a guardian ad litem for him. In any event, upon a petition for such appointment, Judge GREENBERG made an order, which was filed July 1, 1943, appointing Helen McCabe, wife of the claimant, as his guardian ad litem, and authorizing and directing her to prosecute his claim. A claim verified by Helen McCabe, guardian ad litem, was filed on July 22, 1943.

At the opening of the trial of the claim on November 18, 1946, the State moved, first, to set aside the order appointing a guardian ad litem on the ground that McCabe had never been judicially declared incompetent, and that, therefore, the order was invalid; second, to dismiss the claim on the ground that it was not properly verified; and, third, to dismiss the claim on the ground that it was not timely filed.

The State contends that a commitment to a State Hospital pursuant to the Mental Hygiene Law is not an adjudication of incompetence; that there is no authority in law for the appointment of a guardian ad litem for a person who has not been judicially declared incompetent pursuant to article 81 of the Civil Practice Act, which relates to proceedings for the appointment of a committee for an incompetent person; that hence such appointment was unauthorized and void. It urges that an alleged incompetent person must prosecute a claim in his own name, unless and until he is judicially declared incompetent in proceedings under article 81, and that any attempt to appoint some person to act in his behalf is an illegal interference with his right to manage his own property, and is in effect a taking of his property without due process of law.

It is true that a commitment to a State institution for the care of the mentally ill is not the same thing as an adjudication of incompetence under article 81 of the Civil Practice Act. It does not follow, however, that the court may not appoint a guardian ad litem for a person whom it believes incompetent to protect his interest simply because no proceedings have been had under article 81.

Section 207 of the Civil Practice Act, which is applicable in this court, provides: " The supreme court may appoint a guardian ad litem or special guardian for an infant or an incompetent person, at any stage in any action or proceeding, when it appears to the court necessary for the proper protection of the rights and interests of such infant or incompetent person and fix the fees and compensation of such guardian, except when it is otherwise expressly provided by law."

The application of this section is not confined by its wording to persons judicially declared incompetent under article 81. Indeed, if it were so confined, the section would have little meaning, since a person thus judicially declared incompetent would be represented by his committee, and the appointment of a guardian ad litem would ordinarily be wholly unnecessary. The section becomes useful only if it is interpreted to apply to persons who are in fact incompetent, but have not been so adjudicated. It is they who need protection, not those for whom a committee has been appointed. " Incompetent persons become the wards of the court, upon which a duty devolves of protection both as to their persons and property. This duty is not limited to cases only in which a committee has been appointed, but it extends to all cases where the fact of incompetency exists ". (*Wurster* v. *Armfield,* 175 N. Y. 256, 262.)

In *Sobel* v. *Sobel* (180 Misc. 618), the court discovered at the beginning of the trial that the plaintiff was incompetent to protect his interest, and thereupon stayed the trial pending proceedings for the appointment of the committee under article 81. The court said (p. 619), however, " and though *I am nonetheless satisfied from more modern rulings that a guardian ad litem may be appointed, by summary procedure, in the case of an adult incompetent,* I regard it as the safer course not to summarily appoint such a representative, and that the issue of mental capacity or incapacity be determined as prescribed by article 81 of the Civil Practice Act." (Italics supplied.)

In both *Hunter* v. *Hatfield* (12 Hun 381, affd. 73 N. Y. 600) and *Hanley* v. *Brennan* (19 Abb. N. C. 186, 12 N. Y. Civ. Pro. Rep. 147) it was held that the court has power in an action pending to appoint a guardian ad litem for a party who is of unsound mind, although he is of full age and has not been adjudicated an incompetent.

The State quotes Carmody on New York Practice (Vol. 2, p. 948) to the effect that there is no statutory authority for the maintenance of an action for an incompetent person by a guardian ad litem. The assertion appears in a somewhat

different light when the complete statement by Carmody is quoted: (Italics supplied.) " There is no statutory authority for the maintenance of an action for an incompetent person by a guardian ad litem, and *a guardian ad litem should not generally be appointed when a committee of the property has been appointed.* But a guardian ad litem of an incompetent defendant may be appointed under certain circumstances. *The court has inherent power to appoint a guardian ad litem for an incompetent plaintiff where no committee of the property has been appointed,* or where adverse interests might exist in regard to a particular litigation which would make it advisable that the incompetent be represented in the litigation by a special representative of the court, although no sufficient reason exists for removing the committee from his general control of the incompetent's property."

It is certainly most doubtful that a person who has been committed to a mental institution is capable of conducting litigation in his own behalf. Indeed, such a commitment comes very close to a judicial declaration of incompetence, for under section 1374 of the Civil Practice Act the superintendent of the State hospital to which a person has been committed may petition for appointment of a committee, and no proof of incompetency other than the fact of commitment is required. The resulting order is an adjudication of incompetency, and the committee, when appointed, has all of the powers of a committee who is appointed after an inquisition.

The State urges that the issue is resolved in its favor by the holding in *Matter of Frank* (283 N. Y. 106). We do not so construe that case. There, a proceeding was instituted under article 81 for the appointment of a committee, and a special guardian was designated by the court. The alleged incompetent died, however, before the date set for the inquisition, so, of course, no adjudication resulted. The question arose, however, whether the special guardian was entitled to an allowance for his services from the alleged incompetent's estate. The Court of Appeals held that he was not so entitled, stating first, that the jurisdiction of the court over the property of an incompetent person must be exercised by means of a committee, and since no committee was appointed the court acquired no jurisdiction over such property, and second, that section 1373 of the Civil Practice Act, relating to costs and disbursements in a proceeding under article 81, makes no provision for such an allowance where no appointment of a committee is made.

The validity of the appointment of the special guardian was not questioned; the court simply denied compensation on grounds not applicable in the present situation. Here the court is not attempting to control or take property of a person not judicially declared incompetent. All that it has done is to designate a guardian ad litem to protect his interests. This, we are satisfied, is proper.

In *Matter of Frank* the court did state (*supra,* p. 111): "It is claimed that section 207 of the Civil Practice Act contains authority for the payment to the special guardian. That section applies to an infant or incompetent person. It does not mention an alleged incompetent. Rule 285 of the Rules of Civil Practice provides that in all proceedings for the appointment of a committee the alleged incompetent shall be designated as ' an alleged incompetent person,' and that after the appointment of a committee he shall be designated as ' an incompetent person.' " As applied to a proceeding under article 81 the statement is correct, but this is not such a proceeding and the definition contained in rule 285 is wholly inapplicable.

*Finch* v. *Goldstein* (245 N. Y. 300) quoted in *Matter of Frank* (*supra,* p. 110), involved a conveyance made by a person committed to a State hospital, but not at that time adjudged incompetent. He had taken back a purchase-money mortgage, which he was now endeavoring to foreclose, and the defendant sought to have the original conveyance declared void. The court held that a conveyance made by an incompetent person prior to an adjudication of incompetency was voidable only and not absolutely void, and ruled against the defendant. There, again, was involved an attempt to take or interfere with the property of a person who, although probably incompetent in fact, had never been so adjudicated. Here, no one is proposing to take anything from the claimant. The court is not interfering with his property; it is attempting to protect it.

The State also contends that the appointment of the guardian ad litem is not within the provisions of section 207 because it was not made " at any stage in any action or proceeding ". We believe that the appointment was made during the proceeding. The first step in the matter, and a necessary one on the facts, was the making of the motion to dispense with the ninety-day filing requirement, and it was in fact made by the claimant in his own name. It was during or as a result of the proceedings initiated by this motion that the appointment of the guardian ad litem was made. We see no reason why this does not meet the requirement in question.

In view of the foregoing conclusions the further contention of the State that the claim was improperly verified because it was verified by an improperly appointed guardian ad litem, necessarily fails.

We think that the State's final contention, namely that the claim was not timely filed, also fails, because we believe that the claimant was under a legal disability within the meaning and intent of subdivision 5 of section 10 of the Court of Claims Act. The State urges that only a judicially declared incompetent person can be considered to be under a legal disability, but we see no reason to construe this section any more narrowly than we have construed section 207 of the Civil Practice Act. If a person is sufficiently incompetent to be committed to an institution for the mentally ill, and to need a guardian ad litem, he is sufficiently incompetent to be considered under a legal disability so far as meeting the time limitations prescribed in subdivision 3 of section 10 of the Court of Claims Act is concerned.

The motions of the State are therefore in all respects denied. Submit order accordingly.