Howard A. Zeller, J.
This is a motion to dismiss the amended complaint for failure to state facts sufficient to constitute a cause of action and upon the further ground that the plaintiff does not have the legal capacity to sue.
From the complaint it appears that on or about January 12, 1953, while in an allegedly dazed, distraught and incompetent condition due to the then very recent death of his wife, and then at the age of 76, this plaintiff purported to deed without any consideration an interest in real property to his son, Robert V. Mathews, the defendant herein. At the time of this conveyance it is alleged that the defendant resided with the plaintiff and was well aware of the plaintiff’s mental condition. Several weeks after the execution of the deed, the defendant procured the commitment of the plaintiff to a State mental hospital. Several months thereafter the plaintiff was adjudged an incompetent person and the defendant was appointed, qualified and has served since as the committee of the plaintiff’s person and property. The plaintiff seeks to have the 1953 deed set aside as part of the relief asked by the complaint.
The complaint is deemed legally sufficient. A deed given by one not adjudged an incompetent but incompetent in fact to the knowledge of the grantee is voidable. Such a deed either may be ratified or upon proper proof may be avoided at the grantor’s election when he has recovered. (Finch v. Goldstein, 245 N. Y. 300; Anonymous v. Anonymous, 3 A D 2d 590; 2 Warren’s Weed, New York Real Property, pp. 691-693.)
The plaintiff eventually was discharged from the hospital and in 1959 initiated proceedings to have himself declared competent and to have an accounting and settlement by his committee. The matter was referred to a Referee who found the plaintiff competent to manage himself and his affairs. Upon a motion for confirmation, an order was made by this court (Molinari, J.) confirming the report of the Referee in all particulars. PIowever, such portions of the order as discharged the committee, directed the restoration of property, and ordered the submission of an accounting for a final judicial settlement were stayed pending the final determination of an appeal “ to be taken and filed by the said Committee from this Order of Confirmation of the Referee’s Report herein ”. It is to be noted that this order in no way serves to stay the action here under consideration.
Thus the defendant in this action has not been finally discharged as the cbm'mittee of the person and property of this *252 plaintiff and is still charged with the continuing functions and responsibilities of his office. The determination adjudging the plaintiff competent has not become final and the plaintiff describes himself in this action as “an adjudicated incompetent ’ ’. In the normal and usual course, a right of action belonging to an adjudicated incompetent would be brought on his behalf by the committee of the property of that incompetent. (See, e.g., Civ. Prac. Act, §§ 236, 1356, 1357, 1358, 1377; cf. Civ. Prac. Act, §§ 207, 208, 1380.)
Upon the date of the entry of Mr. Justice Molinari’s order containing the noted stay, this pláintiff petitioned for an order appointing a guardian ad litem upon the grounds that a suit to rescind the deed heretofore mentioned was contemplated and that the interests of the individual who is his committee were adverse to that of the plaintiff in such an action. Section 1380 of the Civil Practice Act provides an oblique and circuitous means for the handling of such problems generally through the appointment of a special guardian to petition for the removal of an existing committee and presumably to procure the appointment of a substitute committee. Upon the facts of this case and the status of existing proceedings, such a course would create unnecessary delay and expense and would probably only compound the existing confusion. In any event, by an order of this court (Anderson, J.), a guardian ad litem was appointed ‘ to appear for the said Adjudicated Incompetent, Milton J. Mathews, in an action intended to be brought by the said Incompetent against his Committee ”. (Emphasis supplied.)
The guardian ad litem thereupon initiated the action described in the amended complaint but against the defendant in his individual capacity rather than as the plaintiff’s committee. It is quite apparent that the appointment of the guardian ad litem was for the purpose of bringing a suit against Robert V. Mathews individually. Therefore, the appointment of the guardian ad litem to prosecute an action against the “ Committee ” is considered to have been a mere irregularity or inadvertence of legal drafting and correctible nunc pro tunc under the provisions of sections 78 and 105 of the Civil Practice Act so as to make the order read “against Robert V. Mathews individually”. The order of appointment is deemed amended accordingly.
The defendant’s motion to dismiss the complaint because the plaintiff lacks the.capacity to sue raises the perplexing question of whether it is proper for an adjudicated incompetent with an existing committee of his person and property to bring an *253 action as the plaintiff through a guardian ad litem when the person of the committee has an interest adverse to that of the incompetent and in fact is the defendant being sued.
Section 207 of the Civil Practice Act reads, in part: “ The supreme court may appoint a guardian ad litem or special guardian for an infant or an incompetent person, at any stage in any action or proceeding, when it appears to the court necessary for the proper protection of the rights and interests of such infant or incompetent person ”. Section 208 reads: “ In the case of a defendant judicially declared to be incompetent to manage his affairs, in consequence of lunacy, idiocy or habitual drunkenness, and for whom a committee has been appointed where the court, in its opinion, has reasonable ground to believe that the interest of the committee is adverse to that of the defendant, or that for any reason he is not a fit person to protect the rights of the defendant, the court, with or without application therefor and in the defendant’s interest, by order made at any stage of the action, may appoint a special guardian ad litem to conduct the defense for the incompetent defendant, to the exclusion of the committee, and with the same powers, and subject to the same liabilities, as a committee of the property.”
The defendant vigorously contends that there is no authority in these statutes for the appointment of a guardian ad litem to bring an action on behalf of an incompetent who has an existing committee of his person and property. He claims that the application of section 207 is confined solely to the situation where the incompetency is one in fact rather than where there has been a judicial adjudication of incompetency and a committee of the person and property is in existence. (See, e.g., Anonymous v. Anonymous, 3 A D 2d 590, 594; cf. McCabe v. State of New York, 208 Misc. 485, 488.) The defendant further argues that section 208 applies only to the situation of an adjudicated incompetent faced with the need of defending a legal proceeding or action. Typical of the language of the cases upon which defendant relies is this statement (with emphasis supplied) in Anonymous v. Anonymous {supra, p. 592): “A person so judicially declared incompetent may bring an action or special proceeding through his committee only and may defend an action or special proceeding by his committee or by a special guardian ad litem appointed when the interests of the committee appear to be adverse to those of the incompetent (Civ. Prac. Act, §§ 236, 1377, 208).” (See, also, Matter *254 of McGuinness, 290 N. Y. 117, 118; Rankert v. Rankert, 105 App. -Div. 37, 39.) However, it is this court’s conclusion that statutory authority for such an appointment exists within the terms of the Civil Practice Act. In discussing the application of sections 207 and 208, Judge Desmond in Sengstack v. Sengstack (4 N Y 2d 502, 510) states: “ We think the two sections reasonably read and in the light of common court experience mean that when a person appears to be incompetent or has been adjudged incompetent the court may appoint a special guardian even when there be a committee, providing that some special situation (such as conflict of interest between the party and the committee) seems to require it.” While the Sengstack case is distinguishable on its facts and the portion of the above statement here pertinent might be considered dicta, both the authority and its language are sufficiently strong and the logic sufficiently compelling to sustain this court’s conviction that upon the facts of the case at hand the appointment of a guardian ad litem to prosecute this action on behalf of this plaintiff is proper under statute.
But had no legislative provisions whatever been made whereby an adjudicated incompetent could have his right of action prosecuted by a representative other than the present committee of his property, the court nevertheless has the inherent power, whenever circumstances dictate the advisability, to appoint such a special representative. (Sengstack v. Sengstack, supra; Wurster v. Armfield, 175 N. Y. 256; Matter of Warren, 207 App. Div. 793; Moore v. Flagg, 137 App. Div. 338; Rankert v. Rankert, 105 App. Div. 37, supra; McCabe v. State of New York, 208 Misc. 485, supra; Sobel v. Sobel, 180 Misc. 618; Jacobs v. Jacobs, 127 Misc. 505.) As stated in volume 2 of Carmody on New York Practice at page 948: “ a guardian ad litem should not generally be appointed when a committee of the property has been appointed. But a guardian ad litem of an incompetent defendant may be appointed under certain circumstances. The court has inherent power to appoint a guardian ad litem for an incompetent plaintiff where no committee of the property has been appointed, or where adverse interests might exist in regard to a particular litigation which would make it advisable that the incompetent be represented in the litigation by a special representative of the court, although no sufficient reason exists for removing the committee from his general control of the incompetent’s property.” (17 Carmody-Wait Cyclopedia of New York Practice, § 29, p. 446: 2 Warren’s Weed, New York Real Property, p. 689.)
*255 The holding of this court is that the plaintiff through his guardian ad litem does have the capacity to sue.
The defendant’s motion for judgment dismissing the complaint pursuant to subdivisions 2 and 4 of rule 106 of the Buies of Civil Practice should be denied, without costs.