In the Matter of EDWARD GIBBONS, an Alleged Incompetent. EDWARD GIBBONS and Others, Appellants; SADIE G. BRADBURY, Respondent.

Fourth Department, May 1, 1918.

Incompetent persons — proceeding for the appointment of committee for alleged lunatic — finding of lunacy against weight of evidence — petition dismissed — costs — parties — right of children of alleged incompetent to intervene and to appeal.

Reargument of an appeal from an order denying a motion to set aside the verdict of a jury and the confirmation thereof and finding that the appellant was an incompetent person.

Evidence examined, and *held*, that the former decision of this court should stand and that the appellant, a man nearly eighty years old, was not incompetent as was clearly shown by the testimony of experts who had examined him.

In such proceeding the court has power on dismissing the same to award costs against the petitioner.

Children of the alleged incompetent have a right to intervene in the proceeding on his behalf and to join with him in an appeal from an order adjudging him to be incompetent.

REARGUMENT of an appeal by Edward Gibbons, an alleged incompetent, and others, from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oneida on the 22d day of August, 1917, denying a motion to set aside the verdict of a jury and confirming said verdict and finding Edward Gibbons incompetent and appointing a committee of his person and property.

The notice of appeal also purports to appeal from the verdict and from all the proceedings herein. The appeal by the alleged incompetent is joined in by such of his children as appeared and opposed the proceedings.

*L. P. & H. L. Fuess*, for the appellant Edward Gibbons.

*Sisson & Bray* [*Fred J. Sisson* of counsel], for the appellants Adelaide G. Waterman and others.

*Charles R. Bradbury*, for the petitioner, respondent.

KRUSE, P. J.:

A careful re-examination after the reargument convinces us that our former decision (183 App. Div. 917) was right and

should stand.   The alleged incompetent is a man nearly eighty years old.   He came to this country early in life; engaged in farming; raised eight children, and by hard work and frugality saved a little property.   His wife died July 7, 1916, and this proceeding was commenced the following March.

Upon one side of this controversy is the petitioner, a daughter, and one of her brothers and his wife, assisted by her husband, who is a lawyer and an attorney in this proceeding. Upon the other side are the other six children.   It seems to be a wrangle among the children over the little property in anticipation of his death.   The real bone of contention is over a conveyance made by the father to the daughter Mary of his house and lot in the village of Waterville, where he now lives, worth about $2,500, with a contract back to him for his support; and the reduction by $1,000 of a $5,000 mortgage indebtedness to another daughter upon his farm which he sold to her husband, the purchase price of the farm being $6,000, there having been paid down $1,000 and a mortgage given back for $5,000.   This is all the property he had, as the jury have found.

His explanation of these transactions is entirely reasonable and they are not of themselves so improvident as to show mental incompetency.   One of them was for his support and maintenance, the other as a reward for faithful service of the daughter while at home, which, though perhaps legally not enforcible, he regarded as a moral obligation and made in fulfillment of a promise made to his wife.   While he has had occasional lapses of memory and spells when he may have been temporarily unfit to do business, his testimony contained in the record before us shows him to be unusually bright and intelligent for a man of his age and opportunities in life.

Upon the hearing the presiding judge directed the alleged incompetent to submit to an examination by two physicians, selected by the petitioner, with the privilege to the opposition also to select two.   It is significant that the physicians on behalf of the alleged incompetent were called and gave clear and convincing testimony showing his competency, while the petitioner did not call her physicians to dispute the same. Dr. Ford sums up the result of the examination as follows: " My opinion is that he is an old man competent to take care

of himself, knows the value and use of money that he has and has had, and knows the extent of it, knows where it is, what its condition is, knows what he wants to do, and is competent to do it." While this summary was stricken out, we think the opinion is amply justified by the facts.

Upon the reargument it was strenuously contended by petitioner that this court has no authority to dismiss the proceeding and award costs against her. We think the cases cited in support of that proposition do not so hold. Section 2336 of the Code of Civil Procedure provides that upon the return of the commission, or the rendering of the verdict of the jury upon the questions submitted to it, the court must either direct a new trial or hearing, or make such a final order upon the petition as justice requires; and that where a final order is made, dismissing the petition, costs, not exceeding fifty dollars and disbursements, may be awarded, in the discretion of the court, to be paid by the petitioner to the adverse party. We think the proceeding should be stopped and the old man be permitted to finish his remaining days in peace; and the petitioner required to pay the costs.

The so-called opposition children intervened on behalf of their father and joined with him in this appeal. Petitioner contends that they have no right to be heard upon this appeal and asked to have the appeal dismissed. We think that may properly be heard.

The motion to dismiss the appeal should be denied, without costs, and the order confirming the verdict of the jury and appointing a committee should be reversed and the petition dismissed, with fifty dollars costs and disbursements to the alleged incompetent, to be paid by the petitioner, besides the costs of this appeal.

The reversal should be upon the law and facts, and particularly upon the ground that the evidence does not justify a finding of incompetency, and the verdict is contrary to and against the weight of the evidence upon that question, and that justice requires the dismissal of the petition.

All concurred.

Upon reargument motion to dismiss appeal denied, without costs. Order confirming the verdict of the jury and appointing

a committee reversed and petition dismissed, with fifty dollars costs and disbursements to the alleged incompetent, to be paid by the petitioner, together with the costs of this proceeding. The reversal is made upon questions of law and fact and particularly upon the ground that the evidence does not justify a finding of incompetency and the verdict is against the weight of the evidence upon that question and justice requires a dismissal of the petition.