Order modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: “ Upon the presentation of a petition the court inquires by means of a jury or commission into the question of insanity and the property of the alleged incompetent. The finding of the jury or the commissioners is termed * an inquisition’ (Section 1368), and upon it the court appoints a committee to take charge of the incompetent’s property.” (Finch v. Goldstein, 245 N. Y. 300, 304.) The inquiry in respect to competency “ must be confined to the question whether he is so incompetent at the time of the inquiry ” before a jury at a Trial Term (Civ. Prac. Act, § 1371). “The period of the incapacity is of no importance unless it includes the present time.” (Hughes v. Jones, 116 N. T. 67, 77; Boschen v. Stockwell, 224 N. Y. 356, 358.) Where the matter is heard before a petit jury at a trial term “the order must state, distinctly and plainly the questions of fact to be tried” (Civ. Prac. Act, § 1370.) This provision indicates that questions as to property and income should be framed and submitted to the jury. (See record on appeal in Matter of Gibbons, 183 App. Div. 917, reargued 183 App. Div. 302, affd. 224 N. Y. 615, and Matter of Mason, 60 Him 46.) The petitioner’s expert, Dr. Ulrich, examined August E. Ernst on June 28, 1946. Since the statute confines the inquiry as to incompetency to the time of the inquiry, manifestly the petitioners should be permitted to examine the alleged incompetent shortly before the inquiry is to be had. The petitioners should be granted the right to have Dr. Ulrich and another psychiatrist of their own choosing examine the alleged incompetent before the inquiry on two days’ notice in writing to the attorneys for the alleged incompetent. We think the court was right in refusing petitioners and their attorneys the right to personally examine the alleged incompetent and his brother Herman before the inquiry in court is had. But to shorten and simplify the inquiry the attorneys for the alleged incompetent should prepare and furnish to counsel for the petitioners, five days before the inquiry before the jury, a statement, verified by one of them, showing in detail the real and personal property belonging to the alleged incompetent or in which he has or may have an interest and the income from such property for the year 1946. The question as framed should be modified by striking out the word “ otherwise ” in the last line and by inserting in the place thereof the words “other cause" (Civ. Prac. Act, § 1356). All concur. (The order appealed from denies a motion to examine before trial in an incompetency proceeding.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.