### In the matter of GILES, a lunatic.

Where, after a person has been found a lunatic, by the jury summoned by virtue of a commission of lunacy, a feigned issue is applied for and obtained, to try the question as to the unsoundness of his mind, and upon the trial of such issue, the jury find that the alleged lunatic is not of unsound mind, the proceedings upon the commission will be discharged, and he will be restored to the full control of his property.

It is not a matter of course to charge a petitioner, upon whose application a commission of lunacy is granted, with costs, although he fails to obtain an inquisition finding the existence of the alleged lunacy. And where the petitioner has proceeded in good faith, and upon probable cause, he will not be charged with costs.

Where a jury legally impanneled have found the party proceeded against a lunatic, such finding is prima facie evidence that the petitioner proceeded in good faith and upon probable cause, although another jury, upon the trial of a feigned issue, finds the other way.

IN this case a commission of lunacy was issued, upon the petition of G. S. Willoughby, one of the grandsons of the alleged lunatic, and the jury found that Giles, at the time of taking the inquisition, was of unsound mind, and was incapable of conducting his own affairs in consequence of such unsoundness of mind, and that he had been so incapable for one year preceding. Giles subsequently applied for a feigned issue, to try the question as to his unsoundness of mind; which application was granted upon condition that G. G. Reynolds, one of his grandsons, whose contracts with the alleged lunatic were overreached by the finding of the inquisition, consented to join in such issue and to be bound by the result. Subsequent to the granting of such issue, and about sixteen months after the finding of the inquisition, Giles petitioned for a supersedeas, and that the proceedings upon the com-

mission might be discharged, upon the ground that he had become of sound mind. But upon an examination of the alleged lunatic by the chancellor, that application was denied. The issue was subsequently brought to trial, and the jury found that the alleged lunatic was not of unsound mind, upon the testimony produced by the petitioner, who held the affirmative of the issue. Giles thereupon applied to have the proceedings upon the commission discharged, and asked to charge the petitioner for such commission with costs.

*H. H. Cozzens & J. Rhoades,* for the motion.

*D. Burwell,* for Willoughby the petitioner.

THE CHANCELLOR. The decision upon the feigned issue being in favor of the mental capacity of the alleged lunatic, the proceedings upon the commission must be discharged, and he must be restored to the full control of his property. The claim for costs, to be paid by the applicant upon whose petition the commission was issued, however, presents a different question; as it is not a matter of course to give costs against the petitioner for a commission of lunacy, even where he fails to obtain an inquisition finding the existence of the alleged lunacy. On the contrary, if the petitioner has proceeded in good faith and upon probable cause, he will not be charged with costs. As the petitioner must bear his own costs if he fails in establishing the lunacy, that in general is sufficient to restrain the prosecution of an unfounded charge of lunacy, where there is no probable cause for the proceeding. And the fact that a jury, legally and properly impannelled, has found the party proceeded against, mentally incompetent for the management of his property, is sufficient, prima facie, to show that the petitioner had probable cause for his application for a commission; although another jury, upon the trial of the issue, has found the other way. In the present case, I have no doubt that the proceedings were instituted by the petitioner in good faith, for the protection of the property of Giles; believing him to be of unsound mind, so as to be incapable

of managing his affairs. The application to charge him with costs, therefore, was improperly made, and must be denied, with $10 costs, to be paid by the applicant.