In re WILLS.

(Supreme Court, Appellate Division, Second Department.  May 29, 1914.)

INSANE PERSONS (§ 28*)—INQUISITION—FEES OF COMMISSIONERS.

Under Code Civ. Proc. § 2333, requiring a petitioner in proceedings for the appointment of a committee for an alleged incompetent to pay the compensation of the commissioners, and General Rule of Practice, No. 71, which provides that the compensation of such commissioners shall not exceed $10 for each day, which rule is by Judiciary Law (Consol. Laws, c. 30) § 94, made binding upon all courts except the court for the trial of impeachments and the Court of Appeals, the court has no power to order the petitioners to pay more than $10 per day to each commissioner.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 39–41; Dec. Dig. § 28.*]

Appeal from Kings County Court.

Appeal by Frederick Wills from an order directing him to pay the commissioners in the matter of the application for the appointment of a committee of Charlotte Wills, an alleged incompetent person.  Order affirmed.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Max Meyer, of Brooklyn, for appellant.

PER CURIAM.  The unsuccessful petitioner, in a proceeding for the appointment of a committee of the person and of the property of an alleged incompetent, appeals from the order of the County Court directing him to pay to each of three commissioners, appointed in the proceeding, $250.

The proceeding is regulated by statute.  Code of Civil Procedure, c. 17, tit. 6; Hughes v. Jones, 116 N. Y. 67, 22 N. E. 446, 5 L. R. A. 637, 15 Am. St. Rep. 386.

Section 2333 of the Code of Civil Procedure reads:

"The commissioners are entitled to such compensation for their services, as the court directs.  The jurors are entitled to the same compensation, as jurors upon the trial of an issue in an action in the same court.  The petitioner must pay the compensation of the commissioners, sheriff and jurors."

There is a General Rule of Practice, No. 71, which reads:

"On the execution of a commission of lunacy, etc., the commissioners, for every day they are necessarily employed in hearing the testimony and taking the inquisition, shall be entitled to an allowance to be fixed by the court, not exceeding ten dollars for each day to each of such commissioners."

This rule is binding upon all the courts of this state except the court for the trial of impeachments and the Court of Appeals.  Judiciary Law, § 94.

Giving the evidence upon which the order was made its full effect, and construing that provision of the rule "every day * * * necessarily employed in * * * taking the inquisition" as including, as a subject for compensation, any service essential to the judicial determination called an inquisition (Hughes v. Jones, ut supra), the com-

---

missioners were necessarily employed 17 days in hearing the testimony and taking the inquisition. The court was without power to make an allowance exceeding $10 for each day to each commissioner. The order should be modified by reducing the allowance to $170 for each commissioner, and, as modified, affirmed, without costs of this appeal.

In affirming this order we do not wish to be understood as approving the practice of issuing a commission in these proceedings while a trial term of the court, where the proceedings can be conducted expeditiously and inexpensively, is in session.