In the Matter of ANGELINA SANTORA, for an Order Restraining Her Removal from the United States, etc.

EMILIO NAPOLITANO, Petitioner, Appellant; ANTONIO SANTORA, Respondent.

First Department, January 28, 1938.

*Edward A. Scott*, for the petitioner, appellant.

*Sidney L. Masone*, for the respondent.

O'MALLEY, J.   The husband by a second marriage of an incompetent, duly committed to the Manhattan State Hospital for the Insane, threatens to remove her from this jurisdiction and take her to her place of birth in Italy.   The removal is opposed by the children of the incompetent by her first marriage who assert that she herself does not desire to be taken from this State, where her children may readily visit her, she having stated to them that she has no friends or relatives in the country of her birth.   The petition also contains allegations tending to show that the respondent is influenced by ulterior motives which are contrary to the best interests of the incompetent.

It is well settled that an incompetent lawfully committed to a State hospital is a ward of the State and of the Supreme Court, the jurisdiction of which is inherent.   (*Sporza* v. *German Savings Bank*, 192 N. Y. 8; *Matter of Andrews*, Id. 514.)   This is so even though the court's authority to control generally the property of an incompetent, as distinguished from control of the person, is dependent upon formal adjudication of incompetency, or " office found."   (*Finch* v. *Goldstein*, 245 N. Y. 300.)   Furthermore, it is the general practice of the court to have only resident committees appointed to the end that they may readily be amenable to service of process.   (*Seitz Estates, Inc.*, v. *Seitz*, 226 App. Div. 373; *Matter of Wood*, Special Term, Part I, New York County, UNTERMYER, J., N. Y. L. J. Sept. 18, 1931, p. 2619.)

It is here alleged in the petition, and specifically pleaded in the answer thereto, that the husband of the incompetent, who it is stated in a communication addressed to the court, has been appointed committee of the property, intends to take the incompetent to Italy and there remain.

In the circumstances disclosed the stay requested restraining the removal of the incompetent not only from this jurisdiction, but to a foreign country, should have been granted until there has been a full hearing upon all the surrounding facts and circumstances alleged in the petition and answer thereto, at which time the court may make a proper disposition with respect to the incompetent. The hearing to be had in our opinion should be upon notice to the Attorney-General.

It follows, therefore, that the order denying the stay should be reversed and the application granted, but without costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed and motion granted. Settle order on notice.