In the Matter of SARA M. FRANK.

EDGAR A. SAMUEL et al., as Administrators with the Will Annexed of the Estate of SARA M. FRANK, Deceased, Appellants; JOHN F. KEATING, Respondent.

Argued April 9, 1940; decided May 28, 1940.

*Edgar A. Samuel,* as administrator, in person, appellant. This proceeding abated on the date of the death of Sara

M. Frank, prior to any inquisition. The Supreme Court was powerless, therefore, to substitute the administrators c. t. a. of the estate as parties in this proceeding in Mrs. Frank's place and stead. (*Hughes* v. *Jones*, 116 N. Y. 67; *Boschen* v. *Stockwell*, 224 N. Y. 356.) The Supreme Court never acquired jurisdiction of the property of Sara M. Frank in this proceeding. Nor could such jurisdiction be acquired after her death. (*Carter* v. *Beckwith*, 128 N. Y. 312; *Hughes* v. *Jones*, 116 N. Y. 67; *Finch* v. *Goldstein*, 245 N. Y. 300; *Matter of Blewitt*, 131 N. Y. 541; *Matter of Bischoff*, 80 App. Div. 326; *Matter of Clapp*, 20 How. Pr. 385; *Matter of Hall*, 75 Misc. Rep. 71.) There is no inherent power to award an allowance to the respondent. The authority to make allowances is purely statutory. Power to award an allowance cannot be spelled out solely from the respondent's designation and activity. (*Livingston* v. *Ward*, 248 N. Y. 193; *Matter of Robinson*, 160 N. Y. 448; *Downing* v. *Marshall*, 37 N. Y. 380; *Steinkamp* v. *Bristol Holding Co.*, 241 App. Div. 272.) There is no statutory authority for the allowance made to the respondent. In fact, no allowances may be made in a proceeding of this character unless and until there has been an adjudication of incompetency. (*Hughes* v. *Jones*, 116 N. Y. 67; *Carter* v. *Beckwith*, 128 N. Y. 312; *Matter of Bischoff*, 80 App. Div. 326; *Sander* v. *Larner*, 101 App. Div. 167; *Matter of Blewitt*, 131 N. Y. 541; *Matter of Ferne*, 5 Ves. Jr. 852; *Matter of Loveday*, 1 DeG., M. & G. 275; *Glover* v. *Glover*, 1 Mer. 269; *Anonymous*, 4 DeG. & J. 103.)

*Alfred Rathheim*, as administrator, in person, appellant. Although the power to appoint a special guardian is inherent, the power to award allowances is altogether statutory. Since there is no statute granting to the court power to make an allowance such as the court below granted to Mr. Keating, the grant was improper and constituted error. (*Livingston* v. *Ward*, 248 N. Y. 193; *Matter of Robinson*, 160 N. Y. 448; *Downing* v. *Marshall*, 37 N. Y. 380; *Steinkamp* v. *Bristol Holding Co.*, 241 App. Div. 272.)

*John Caldwell Myers* and *John F. Keating*, in person, for respondent. The Supreme Court had both inherent and statutory power to appoint a special guardian in this case. (*Wurster* v. *Armfield*, 175 N. Y. 256; *Sporza* v. *German Sav. Bank*, 192 N. Y. 8; *American Mortgage Co.* v. *Dewey*, 106 App. Div. 389; *Bernstein* v. *Bernstein*, 188 App. Div. 276; *Wurlitzer Co.* v. *Williams*, 123 Misc. Rep. 777; *Matter of Haynes*, 82 Misc. Rep. 228.) The Supreme Court, having the inherent and statutory power to appoint a special guardian, had inherent and statutory power to fix the guardian's compensation and direct its payment out of the property or estate of the alleged incompetent. (*Union Ins. Co.* v. *Van Rensselaer*, 4 Paige, 87; *Fearns* v. *Young*, 10 Vesey, 184; *Matter of Tucker*, 29 Misc. Rep. 728; *Matter of Lofthouse*, 3 App. Div. 139.)

CONWAY, J. On February 19, 1937, an *ex parte* order was made at Special Term, on the petition of a niece, initiating a proceeding for the appointment of a committee of the person and property of one Sara M. Frank, an alleged incompetent person. The order contained a direction that notice of the application be served upon the respondent Keating, who was designated special guardian upon filing his consent and affidavit of responsibility. He qualified and took action, which we shall assume to have been helpful, in an endeavor to protect and safeguard the property of the alleged incompetent. On May 17, 1937, an order was made directing an inquisition into the matters set forth in the petition. August 10, 1937, was finally set as the date for the commencement of the inquisition. Mrs. Frank died on August 1, 1937.

There is presented the question whether the court at Special Term had power, *acting summarily in this special proceeding*, (1) to fix and allow a fee to the special guardian payable from the estate of the alleged incompetent; (2) to substitute in her place the administrators with the will annexed; (3) to order the payment of a fee from the estate and that the incompetency proceeding be closed and ter-

minated, upon such payment. We think there was no such power.

Upon the death of Sara M. Frank the special proceeding abated. Section 82 of the Civil Practice Act provides, in part: " A special proceeding does not abate by any event if the right to the relief sought in such special proceeding survives or continues." Here the right to the relief ceased upon the death of the alleged incompetent. As was said in *Hughes* v. *Jones* (116 N. Y. 67, 77): " The primary object of the proceeding is not to benefit any particular individual, but to see whether the fact of mental incapacity exists, *so that the public, through the courts, can take control.* * * * When that is found, the care of the person and estate belongs to the court. Unless that is found the court has no further jurisdiction, whatever else may be found. No other inquiry can become material except from its relation to that question." (Italics added.)

The only provision of the Civil Practice Act which in any wise permits interference by the court with the property of an alleged incompetent prior to the adjudication and appointment of a committee is section 1362. That is by an injunction restraining one who has acquired real or personal property, without adequate consideration, from an alleged incompetent during the period of alleged incompetency, from disposing of or incumbering such property or confessing judgment. The injunction continues during the pendency of the proceeding for the appointment of the committee and may, in the discretion of the court, continue for ten days after the appointment. Such application for injunctive relief was not made herein.

It is clear that the court never acquired jurisdiction of the property of the alleged incompetent. (*Matter of Giles*, 11 Paige, 638; *Matter of Clapp*, 20 How. Pr. 385, 388; *Matter of Blewitt*, 131 N. Y. 541; *Carter* v. *Beckwith*, 128 N. Y. 312; *Finch* v. *Goldstein*, 245 N. Y. 300, 303.)

In *Finch* v. *Goldstein* (*supra*) it was said by Judge CRANE, writing of one subsequently adjudged incompetent: " Until the appointment of a committee neither the State nor any one else has any power or control over his property or any authority to act in his behalf. He alone remains in possession of his property and can dispose of it."

Section 1373 of the Civil Practice Act reads as follows: " Costs and disbursements. Where a final order is made *dismissing a petition*, the court, in its discretion, may award in the order a fixed sum as costs, not exceeding fifty dollars and disbursements, to be paid by the petitioner to the adverse party. Where a *committee* of the property *is appointed*, the court must direct the payment by him, out of the funds in his hands, of the necessary disbursements of the petitioner, and of such a sum for his costs and counsel fees as it thinks reasonable; and, in its discretion, it may direct the committee to pay a sum, not exceeding fifty dollars and disbursements, to the attorney for any adverse party."

Here we have provision made only for two contingencies: The dismissal of the petition or the appointment of a committee.

Section 1356 of the Civil Practice Act provides: " The jurisdiction of the supreme court extends to the custody of the person and the *care of the property* of a person incompetent to manage himself or his affairs   *   *   *."

Section 1358 of the Civil Practice Act provides that such jurisdiction " must be exercised by means of a committee of the person, or a committee of the property or of a particular portion of the property, of the incompetent person, appointed as prescribed in this article."

Since there never was a committee, the Supreme Court never had jurisdiction over the property of the alleged incompetent. To hold otherwise would countenance the taking of property without due process of law.

Reference will be made to other contentions of the respondent: It is claimed that section 207 of the Civil Practice Act contains authority for the payment to the special guardian. That section applies to an infant or incompetent person. It does not mention an alleged incompetent. Rule 285 of the Rules of Civil Practice provides that in all proceedings for the appointment of a committee the alleged incompetent shall be designated as " an alleged incompetent person," and that after the appointment of a committee he shall be designated as " an incompetent person."

So, also, rule 44 of the Rules of Civil Practice prescribes the duties of a person designated to receive a copy of a summons on behalf of a defendant in an action. Section 226 of the Civil Practice Act refers to service of a copy of a summons upon the person designated to receive it on behalf of a defendant in an action.

The order of the Appellate Division and that of the Special Term should be reversed and the motion denied, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and LEWIS, JJ., concur.

Orders reversed, etc.