Roy E. Hunn, as Administrator, etc., of Myrta E. Hunn, Deceased, Plaintiff, *v.* New York State Teachers' Retirement System, Defendant.

Supreme Court, Genesee County, June 14, 1941.

*Everett A. Judd,* for the plaintiff.

*Charles A. Brind, Jr.,* for the defendant.

HARRY L. TAYLOR, Official Referee. Myrta Hunn was a teacher in the public schools of Batavia, N. Y., for about thirty-one and one-half years when she died at the age of sixty-two. She was a member of defendant. She was committed to Rochester State Hospital as an alleged incompetent person by the county judge of Genesee county on July 25, 1940, under the Menta' Hygiene Law. The insanity of Myrta Hunn as claimed by plaintiff is not disputed by defendant. August 6, 1940, Myrta Hunn's brother, Roy E. Hunn, served on defendant an application for retirement from service as a teacher in the public schools, ostensibly in behalf of Myrta Hunn, under section 1109-a of the Education Law. She was " retired " pursuant to this application September 6, 1940. On September 17, 1940, by an order of the Supreme Court, Roy E. Hunn was appointed committee of the person and property of Myrta Hunn. On September 30, 1940, a first payment of $83.42, pursuant to the " retirement " of September 6, 1940, was forwarded to Roy E. Hunn and later returned by him. The incompetent died October 4, 1940.

The retirement application (Education Law, § 1109-a) was not made by the employer nor by the member herself nor, as plaintiff contends, by a person acting " in the member's behalf," for the reason that the member was mentally incompetent and, therefore, her brother, Roy E. Hunn, before the appointment of a committee, could not be said to have acted in her behalf with her consent as to the disposition of her property.

This action is brought by the committee to avoid the " retirement " and for an adjudication that a person acting " in behalf of " an employee under the Education Law must be an agent or representative duly authorized by a mental'y competent employee or by law. Plaintiff further asks that defendant be judicially directed to pay to plaintiff all contributions accumulated by the intestate — pursuant to section 1109-b of the Education Law.

Unquestionably, it long has been the common-law rule that before office found the acts of a person mentally incompetent relating to his property are at least voidable. " Until the appointment of a committee neither the State nor any one else has any power or control over his property or any authority to act in his behalf. He alone remains in possession of his property and can dispose of it.

If as a fact he be incompetent at the time he acts, his transactions may be set aside at his election either by himself or by a committee subsequently appointed. His acts before the appointment of a committee are thus voidable, not void." (*Finch* v. *Goldstein,* 245 N. Y. 300, at p. 303.)

Any statute altering or varying this rule must be given no greater scope or bearing than is unmistakably evident from its terminology and from an understanding of all the legislation upon the subject. (*Bertles* v. *Nunan,* 92 N. Y. 152; *Transit Comm.* v. *Long Island R. R. Co.,* 253 id. 345, 354, 355; *Seligman* v. *Friendlander,* 199 id. 373, 376.)

Defendant's counsel contends that section 1109-a should be classified with section 980-a of the Civil Practice Act, and subdivision 14 of section 34 and section 50 of the Mental Hygiene Law. I do not take this view. The sections mentioned clearly deal with emergency situations in the interest of necessary expedition or with property of limited value for obviously good special reasons. While section 1109-a — if given the scope contended for by defendant — would enable another person to determine the disposition to be made of a material part, perhaps all, of the property of a mentally incompetent person without any legal protection to the incompetent. It is urged by defendant that " there are hundreds of cases where employees have suffered strokes, are paralyzed or have been so injured in accidents that they would be unable to make the application on their own account." That is all true; but such persons are not devoid of mental capacity and are competent to direct another to act for them.

As I read section 1109-a of the Education Law, it is intended to provide for cases of temporary retirement in appropriate cases and for permanent retirement in others. But in cases of employees mentally incompetent to choose a representative or agent, it gives no authority to another person to make an election for an incompetent before office found which may result in the disposition of the incompetent's property or property rights. To extend the intendment of section 1109-a as far as suggested by defendant — in the face of the common law and statutory rights of mental incompetents — is unessential to meet every reasonable need or purpose to be served by the statute in question. I note that in his brief defendant's counsel says " the application can always be withdrawn by a committee thereafter appointed without loss to the employee." It would seem that the committee is electing to do that very thing by bringing this action.

The fact that the committee-plaintiff is the same person who had assumed to act for Myrta Hunn in seeking her retirement is

immaterial and confers no legal authorization upon the brother to represent the incompetent before office found. Neither waiver nor estoppel can be invoked by defendant. It is stated that had the decedent lived a little more than two years after her retirement she would have been entitled to more money than plaintiff now demands, and that, therefore, there are no equities in favor of plaintiff. This thought is of no aid to me in construing section 1109-a.

After considering all the arguments of defendant's counsel, I am still of the opinion that no person could legally apply for retirement " in behalf of " this particular incompetent before office found. Retirement involved custody and control of the incompetent's property. A committee appointed under the Civil Practice Act, as this committee was appointed, has lawful custody and control. Retirement of an employee at the instigation of the employer might well indicate a desire in the employer to terminate the employment against the desire of the employee because of claimed incapability of some sort or for some other reason not accepted as good by the employee. On the contrary, a request for retirement by an employee himself would naturally connote approval and acquiescence on the part of the person affected; and an application on behalf of an incompetent employee should carry with it an assurance of representation of the employee under the sanction of the law, the nearest available equivalent of personal volition. Who could say that an application by some person, even a brother, before office found, for the retirement of this employee, mentally incompetent, was made by one who was truly a representative of the best interests and the desires of the incompetent — was a person really acting " in behalf of " Myrta Hunn? " In behalf of " in this statute, as I construe it, means " in the interest of " or " to the advantage of " Myrta Hunn — from *her* viewpoint, not from the viewpoint of this defendant or of some unauthorized volunteer.

Plaintiff is entitled to the relief demanded in paragraphs (1), (3) and (4) of the " Wherefore " portion of his complaint, with costs. The case will be deemed submitted on June 30, 1941. (Civ. Prac. Act, § 471.) Up to and including that date, defendant may submit to me proposed findings of fact and rulings of law; and after that date plaintiff may submit a decision and judgment to me.