In an action to recover disability benefits and for the return of premiums paid under a policy of insurance, which was commenced by the son of the insured, as committee of his person and property, defendant appeals (1) from an order substituting the insured’s son, as guardian ad litem, as plaintiff in the place and stead of the committee, and (2) from an order denying defendant’s motion to vacate the ex parte appointment of the son as such guardian ad litem. Orders appealed from reversed on the law, without costs, plaintiff’s motion denied, without costs, and defendant’s motion to vacate order appointing guardian ad litem granted, without costs. It is conceded that on July 16, 1941, an order was made declaring the insured to be competent and discharging the committee. Thereafter, although the insured was again committed to an institution for the treatment of the mentally ill, there has been no adjudication of ineompetency, nor has a new committee been appointed. Although the Supreme Court has undoubted jurisdiction over the property of incompetents within the State, such jurisdiction may not be exercised until the fact of incompetency has been judicially determined. (Matter of Blewitt, 131 N. Y. 541; Matter of Andrews, 192 N. Y. 514; Finch V. Goldstein, 245 N. Y. 300; Matter of Frank, 283 N. Y. 106; Matter of McGuinness, 290 N. Y. 117.) In the absence of such determination, which could only have been made on proper notice (Matter of Blewitt, supra), the Special Term lacked authority to appoint the guardian ad litem, and the motion to vacate such appointment should have been granted. Hagarty, Acting P. J., Carswell, Adel, Nolan and Sneed, JJ., concur.