William J. Regan, J.
This is a motion by the Attorney-General for an order vacating an order of May 4,1961, whereby this court enjoined and restrained Dr. I. Murray Rossman, Director of Gowanda State Hospital from' transferring, disposing of and paying out any of the moneys held by him in the account of Frank Arundel, also known as Thomas F. Arundel. The Attorney-General was also asking that a claim of the Department of Mental Hygiene in the amount of $1,265 be adjudged to be preferred over that of the judgment creditor. Both the Attorney-General’s office and the attorney for the judgment creditor have appeared before this court and argued at some length. At the outset the court would like to point out that there are some collateral matters which are not before this court. However, this court feels that this memorandum should comment on these matters nonetheless. It is our belief that the courts are established for the protection of all citizens. This entire matter arises out of the fact that the judgment debtor while a patient at Gowanda State Hospital was served with a summons and complaint. In compliance with the law the director of the hospital was also served. At the time of the institution of this lawsuit, the judgment debtor had not been judicially declared incompetent nor as a matter of fact to this date has a committee been appointed. After the service was affected a judgment was entered on the 20th day. Because of the fact that the judgment debtor had no committee, no appearance was made, and therefore a judgment was taken against him in the sum of $21,731.13. Thereafter, in a proceeding in Supreme Court the judgment was questioned, but under the authority of Finch v. Goldstein (245 N. Y. 300) and Anonymous v. Anonymous (3 A D 2d 590) the validity of the judgment was upheld. The judgment may legally be valid but nevertheless it disturbs the conscience of this court to think that a man who was in Gowanda State Hospital could be served and thereafter a judgment taken against him without his in any way being-able to defend himself. Certainly, the judgment creditor was aware of this man’s mental condition, because the amount of the judgment represents charges for psychiatric services rendered *1084 to the judgment debtor. It would seem to us that some method of protecting such unfortunate people should be found and it is further our feeling that the courts should protect these people. Strangely under the law even though a person has been committed to a State hospital by a court, which based such commitment on the report of psychiatrists, such person is not legally incompetent until a committee is finally appointed. It often happens that a committee is never appointed because there are no assets. The great question in this court’s mind is whether or not a person can be any less incompetent or not incompetent because of the fact that a committee was or was not appointed. It would appear to this court that such incompetents like infants, and men in military service should have some further protection than that which is presently afforded by the law. It would seem to the court that the problem shall remain a legislative one until such time as the New York State Legislature shall act thereupon.
It is claimed by the State of New York that Gowanda State Hospital is a preferred creditor under section 39 of the Mental Hygiene Law to the extent of $1,265, which sum accrued up to May 18, 1961 and prior to the service of a third-party order on the Gowanda State Hospital. With this contention the court agrees. The court, therefore, finds that the Gowanda State Hospital has a preferred claim in the amount of $1,265. (See Turner v. Holschlag, N. Y. L. J., June 4, 1945, p. 2138, col. 6.)
Inasmuch as this decision will undoubtedly give the State of New York such a preference that there will be little if anything left of the funds, it therefore seems apparent to the court that the lien of the judgment creditor should be vacated.