Leonard J. Supple, J.
This is an application for the appointment of a committee of the person and property of an alleged incompetent. The affidavit of the doctor who as a general practitioner has served the alleged incompetent for some years and the affidavit of a qualified psychiatrist who, at the instance of the guardian ad litem, examined the alleged incompetent are submitted in this proceeding. The court is satisfied there is no sufficient evidence to justify further proceedings, and the petition will be dismissed (Matter of Schermerhorn, 277 App. Div. 845).
The foregoing disposition raises the question of who is to pay for the services of the guardian ad litem and the psychiatrist obtained by the guardian ad litem to examine the alleged incompetent.
Subdivision (9) of section 101 of the Mental Hygiene Law has no application to this problem, since such deals with the problem of costs and disbursements as between the alleged incompetent and the petitioner. The applicable statute would be CPLR 1204 which in general provides that the court may allow the guardian ad litem reasonable compensation to be paid in whole or in part by any other party, or from any recovery had on behalf of the person whom such guardian represents, or from such person’s other property. The Court of Appeals in Matter of Frank (283 N. Y. 106) stands for the proposition that when the alleged incompetent dies before the proceedings have been concluded, the alleged incompetent’s property may not be used as a source of compensation for the guardian, and the language of the opinion would indicate that the same would be true when the matter is determined in favor of competency.
Accordingly, the court will fix the compensation of the guardian ad litem in the sum of $350, to be paid by the petitioner and will direct the petitioner to pay the reasonable compensation of the psychiatrist engaged by the guardian ad litem.