In the Matter of JOHN J. POSNER, an Alleged Incompetent Person. ROSE BENTON, as Preliminary Executrix of JOHN J. POSNER, Deceased, et al., Appellants; SAMUEL C. COLEMAN et al., Respondents.— Order entered September 20, 1965, granting allowances and directing same to be paid out of the funds of the alleged incompetent, modified, on the law and on the facts, to the extent of striking out all allowances except the allowance to the temporary receiver, and, as so modified, affirmed, without costs and without disbursements. The temporary receiver is directed to turn over to the executrix of the alleged incompetent's estate the balance of funds in his hands plus such income, if any, as has accrued thereon since the date of his report less his fee of $750, without prejudice to such remedies as the respondents other than the temporary receiver may have. The alleged incompetent died before the hearing on the petition for his adjudication and thereupon the court ceased to have further jurisdiction. (*Sengstack* v. *Sengstack*, 4 N Y 2d 502, 510; *Matter of Frank*, 283 N. Y. 106; *Finch* v. *Goldstein*, 245 N. Y. 300, 303; *Matter of Fischman*, 22 A D 2d 913.) The temporary receiver is in a different category. Subdivision (7) of section 101 of the Mental Hygiene Law provides the court may appoint a temporary receiver to preserve the property of the alleged incompetent pending adjudication of incompetency. The court exercising its jurisdiction made the appointment in the interest of the alleged incompetent and consequently the property possessed by the temporary receiver is properly charged with his reasonable compensation. Concur — Valente, J. P., McNally and Steuer, JJ.; Eager, J., dissents in part in the following memorandum: I concur in the approval of the allowance to the receiver and in the denial of an allowance to the commissioner. It is inconsistent, however, for the court to allow compensation to the receiver, payable out of the funds in the hands of the receiver, and to deny an allowance to the attorney, the special guardian and a physician insofar as they rendered necessary and proper services in connection with the receivership. Subdivision (7) of section 101 of the Mental Hygiene Law, expressly authorizes the judicial appointment of a temporary receiver to preserve the property of the alleged incompetent pending proceedings for an adjudication of incompetency. No one contends that the appointment of the temporary receiver here was unauthorized, improper or erroneous. While it is the general rule that upon the death of the alleged incompetent the incompetency proceeding abates and the Supreme Court ceases to have further jurisdiction over the estate of the incompetent (*Sengstack* v. *Sengstack*, 4 N Y 2d 502, 510; *Matter of Frank*, 283 N. Y. 106; *Finch* v. *Goldstein*, 245 N. Y. 300, 303; *Matter of Fischman*, 22 A D 2d 913), here, on the death of the incompetent, the court

did not lose its jurisdiction over the receivership or its power to provide for the payment of proper allowances out of the funds in the hands of the receiver. (Cf. *Sengstack* v. *Sengstack, supra*; *Matter of Lofthouse*, 3 App. Div. 139, 143; also *Matter of Fischman, supra*.) The property duly brought into the hands of a receiver is *in custodia legis*. (See 75 C. J. S., Receivers, § 104.) The funds in his hands remain subject to lawful directions of the court until his discharge and, thus, decisions such as *Matter of Frank* (*supra*), where there was no temporary receiver and which were decided on the basis of lack of jurisdiction of the court over the property of the alleged incompetent, are not controlling. It appears that the attorney for the petitioner has performed services in connection with the receivership and preservation of the alleged funds of the incompetent, to wit, in the matter of proceedings for the appointment of the receiver, his accounting and the preparation of papers and appearances in court in connection therewith. The special guardian also appeared for and represented the alleged incompetent in connection with the proceedings for the appointment of the receiver. The psychiatrist's examination and report were utilized in connection with such proceedings. Under the circumstances, these persons are each entitled to a reasonable allowance for their services incidental to the receivership and the court, on the accounting by the receiver, should provide for the payment of the same.