Arnold L. Fein, J.
This is an application to fix and allow the costs and disbursements of the attorney for the petitioner, and the fees of the guardian ad litem and the commissioner, in a proceeding to determine whether Edward J. Donovan was incompetent to manage himself and his property.
In accordance with the practice of this department, the commissioner was appointed by order dated December 4, 1969. Upon the inquisition, held on January 27, 1970, by the commissioner and a Sheriff’s jury, it was found that Edward J. Donovan was incompetent to manage his affairs and his property, by reason of mental illness. The value of his property was $197,352.72, producing an annual income for the year 1969 in the sum of $9,384.70.
On February 19, 1970, before an application was made to confirm the jury’s finding, Edward J. Donovan died, rendering confirmation and the appointment of a committee unnecessary. As appears from the present application, the petitioner and her attorney have duly qualified as executors of the estate of Edward J. Donovan under his last will and testament, admitted to probate in the 'Surrogate’s 'Court, New York County, and they request a direction to themselves as such executors to pay all allowances for costs, disbursements and fees out of the assets of said estate.
There is a long line of authority that an incompetency special proceeding abates upon the death of the alleged incompetent and that the power of the Supreme Court to fix fees and to direct the payment of fees and allowances from his estate terminates unless a receiver of his property has been appointed or the inquisition has been confirmed and a committee appointed (Matter of Frank, 283 N. Y. 106; Finch v. Goldstein, 245 N. Y. 300; Matter of Fischman, 22 A D 2d 913; Matter of Posner, 24 A D 2d 967; Matter of Klein, 34 Misc 2d 621; cf. Sengstack v. Sengstack, 4 N Y 2d 502, limiting Frank). The principal authorities to the contrary are Matter of Lofthouse *165 (3 App. Div. 139) and Matter of Ferris (86 App. Div. 559, affd. 176 N. Y. 607). In Lofthouse, the executor of the estate appeared generally in the proceeding and the court ordered him to pay the various disbursements and fees allowed. It was held that institution of the proceeding gave the court such jurisdiction of the property of the alleged incompetent as would authorize a direction for the payment of the costs of the proceeding. In Ferris, the executor was directed to be joined as a party, on the application to fix fees.
To overcome one consequence of the repeated holdings that the court acquires no jurisdiction over the property of the alleged incompetent until the determination of incompetency has been made and confirmed and a committee appointed (Matter of McGuinness, 290 N. Y. 117; Finch v. Goldstein, supra, Matter of Frank, supra, Matter of Klein, supra). Section 101 of the Mental Hygiene Law was amended, in 1966, to provide: ‘ ‘ When the alleged incompetent dies before the determination of the proceeding, the court may award a reasonable allowance to a guardian ad litem appointed to represent the alleged incompetent, payable by the petitioner, or by the estate of the decedent, or by both in such proportions as the court may deem just ” (Mental Hygiene Law, § 101, subd. [9], par. [b]; L. 1966, ch. 448, May 31,1966).
The legislative history clearly demonstrates that the function of this amendment was to overcome Matter of Frank and Matter of Klein (1966 Report of N. Y. Law Rev. Comm., pp. 441-499; N. Y. Legis. Doc., 1966, No. 65 [J]).
By virtue of this legislation, the court is empowered to fix a fee for the guardian ad litem, which is hereby fixed at the sum of $750, to be paid out of the assets of the estate.
Although the same considerations would seem to apply to the costs, disbursements and even a fee for the attorney for the petitioner and for the commissioner, the legislation and the legislative studies do not speak to this question. The cases decided prior to the amendment, with the exception of Loft-house and Ferris, all follow the rule of Matter of Frank (Matter of Posner, supra; Matter of Klein, supra). At the time of the decision of these cases, the law applicable to commissioners5 fees was contained in sections 1364 — 1369 of the Civil Practice Act and rule 288 of the Rules of Civil Practice. Section 1369 of the 'Civil Practice Act required the petitioner to pay the compensation of the commissioners and the Sheriff as had its predecessor section 2333 of the Code of Civil Procedure. (See Matter of Wills, 162 App. Div. 775, disapproving the practice of appointing commissioners.)
*166 In 1962, the provisions relative to incompetency proceedings were removed from the Civil Practice Act and the Rules of Civil Practice and placed in section 101 of the Mental Hygiene Law (L. 1962, ch. 310, § 280, eff. Sept. 1,1963). As recommended in the Fourth Preliminary Report of the Advisory Committee on Practice and Procedure (N. Y. Legis. Doc., 1960, No. 20, Jan. 2, I960, pp. 413, 420-425), the provisions for the issuance of a commission or the appointment of a .commissioner were eliminated. The procedure authorized was ‘ ‘ trial by jury of the issue of competency. The court may order a special jury impaneled ’ ’. However, in 1963, before the effective date, the statute was amended to authorize “ an inquiry into the issue of incompetency by the issuance of a commission ”. The amendment included specific directions as to the proceeding upon a trial by jury before the commissioner and provided in part as had the prior Civil Practice Act and Code of Civil Procedure provisions, ‘ ‘ The petitioner must pay the compensation of the commissioners c(nd sheriff ” (Mental Hygiene Law, § 101, subds. [5], [6]; L. 1963, ch. 802, §§ 1-3, emphasis supplied). No cases have been found interpreting this amendment, nor does there appear to be a further legislative history. The mandate of the statute is clear. The fee of the commissioner is required to be paid by the petitioner. The petitioner is. directed to pay the commissioner a fee of $400 which the commissioner has requested and the petitioner and her counsel state to be fair and reasonable (see Matter of Berman, 21 A D 2d 136; Matter of Rice, 22 A D 2d 339).
The proceeding is regulated by statute (Sporza v. German Sav. Bank, 192 N. Y. 8; Hughes v. Jones, 116 N. Y. 67; Matter of Wills, supra).
Serious consideration should be given to an amendment of the statute to eliminate trial by a commissioner and Sheriff’s jury. (See Matter of Wills, supra; Fourth Preliminary Report of the Advisory Committee on Practice and Procedure [1960], supra.) However, if considerations of economy of judicial time warrant retention of this procedure, the provisions respecting commissioner’s fees should be conformed to those respecting the guardian ad litem, especially in a situation in which the alleged incompetent dies before confirmation and appointment of a committee.
The same considerations would seem to apply to a fee and costs and disbursements for the attorney for the petitioner. As the law presently stands, there is no authority to award either a fee or costs and disbursements to the petitioner where death intervenes prior to confirmation and the appointment of a com *167 mittee. The statute permits an award of reasonable counsel fees to the petitioner, together with costs and disbursements when a judgment is made granting a petition. No provision is made for such allowance where the petition is either dismissed or abates because of the death of the alleged incompetent. Accordingly, petitioner’s request for an allowance of costs and disbursements to her attorney is denied.
It is unfortunate that the state of the legislation is such that no other relief is warranted despite the fact that the attorney for the petitioner, the commissioner and the guardian ad litem acted in a highly commendable and efficient manner and that undoubtedly the court would have confirmed the findings of the commission and the jury and would have appointed a committee, obviously necessary to preserve and protect the property, of the alleged incompetent.
This determination is made without prejudice to the right of the attorney for the petitioner to assert a claim against the estate as a creditor who has rendered services beneficial to the estate (Matter of Heaton, 46 N. Y. S. 2d 165; Matter of Stern, 114 N. Y. S. 2d 17).