In the Matter of JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent, *v.* ANN MATTFOLK, Appellant.

First Department, March 4, 1971.

*Carl B. Weisbrod* of counsel (*Nancy E. LeBlanc* with him on the brief), for appellant.

*Helen L. Buttenwieser* of counsel (*London, Buttenwieser & Chalif*, attorneys), for respondent.

NUNEZ, J. This proceeding concerns a child born to respondent in 1962 who was committed to the care and custody of the Commissioner of Social Services by the mother, then unable to care for her child. The child was committed in turn to the care of the petitioner, Jewish Child Care Association of New York and was placed in a foster home where she has since remained. The outcome of this proceeding will have no immediate effect upon the child's status and surroundings.

The petitioner association seeks appointment as guardian of the child pursuant to subdivision 5 of section 384 of the Social Services Law which in pertinent part provides: " 5. If   *   *   * the parent or parents whose consent would otherwise be required under this section be legally declared insane or mentally defective   *   *   * the guardianship of the person   *   *   * may be committed to an authorized agency by order of the surrogate or family court judge ''.

One of the possible consequences of such guardianship is the authorization to the agency to consent to adoption of the child in the place and stead of the natural parents (see Social Services Law, § 384 and Domestic Relations Law, § 111).

The petitioner alleges that the father abandoned the child and that the mother has been hospitalized on two occasions since the summer of 1968; it does not allege that the mother has been declared insane, mentally ill, or incompetent; nor is it alleged that she has abandoned her child. It is alleged that the

mother was, at the time the petition was verified, hospitalized at a mental health center and that she had been previously hospitalized at the same hospital for two months in 1968. The record discloses, however, that the mother left the hospital in October, 1969 and that she was thereafter discharged as a patient.

The words of section 384 of the Social Services Law "legally declared insane or mentally defective" clearly refer to adjudication of legal status — the legal consequences of the condition of mental illness. Article 5-A of the Mental Hygiene Law sets forth the procedures for declaration of incompetency and insanity for purposes of legal status with consequential court custody of the person and party. Section 101 of article 5-A empowers only the Supreme Court and County Courts to adjudicate such status with provisions for a jury trial. The Mental Hygiene Law sets forth two types of procedures for determining the issue of mental illness. Sections 72 and 73 emphasize that mental illness for purposes of hospitalization is a medical issue and that the nature of the illness requires expeditious resolution. These two sections explicitly sanction determination of the issue of mental illness by a court of record, i.e., the Family Court. (See *Fhagen* v. *Miller,* 306 F. Supp. 634; *Fhagen* v. *Miller,* 65 Misc 2d 163.) For a discussion of the "medical condition — legal status" dichotomy see *Finch* v. *Goldstein* (245 N. Y. 300, 303–304).

We hold that the subject predicate declaration for guardianship pursuant to the Social Services Law involves an adjudication of "legal status" vis-à-vis the guardianship of this child as contrasted with "medical condition" for purposes of hospitalization. For the foregoing reasons the order entered by the Family Court June 26, 1970 (THURSTON, J.) denying respondent-appellant's motion for dismissal of the petition should be reversed on the law; the motion should be granted and the petition dismissed, without costs or disbursements.

MCGIVERN, J. P., MARKEWICH, KUPFERMAN and MACKEN, JJ., concur.

Order, Family Court of the State of New York, New York County, entered on June 26, 1970, unanimously reversed, on the law, the motion granted, and the petition dismissed, without costs and without disbursements.