■ In the Matter of ENNA D. REBECCA PHIPOTTS, Respondent; CAMILLUS NICHOLAS, Appellant. [816 NYS2d 368]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Enna D., an alleged incapacitated person, Camillus Nicholas appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Leventhal, J.), dated October 15, 2004, as directed him to pay an attorney's fee in the sum of $5,900 to the attorney for the petitioner.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and the award of an attorney's fee is vacated.

Following the death of the alleged incapacitated person, the guardianship proceeding abated (*see Sengstack v Sengstack*, 4 NY2d 502, 510 [1958]; *Matter of Frank*, 283 NY 106; *Matter of Posner*, 24 AD2d 967, 967 [1965]; *Matter of Donovan*, 64 Misc 2d 163, 164 [1970]; *Matter of Klein*, 34 Misc 2d 621, 622-623 [1962]). Thereafter, the Supreme Court lacked the authority to award an attorney's fee to the attorney retained by the petitioner, as the Mental Hygiene Law does not authorize such

an award, following the death of the alleged incapacitated person, to attorneys other than those appointed by the court (*see* Mental Hygiene Law § 81.10 [f]; § 81.16 [f]; *Sengstack v Sengstack, supra* at 510; *Matter of Posner, supra* at 967; *Matter of Morrison [Wold]*, 147 Misc 2d 657, 659-661 [1990]; *Matter of Donovan, supra* at 164; *Matter of Klein, supra* at 622-623; *cf. Matter of Petty*, 256 AD2d 281, 283-284 [1998]). Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.