In the Matter of the Application of EDWARD H. HELMLE and Others, Respondents, for a Certiorari Order against the TOWN BOARD OF THE TOWN OF NORTH HEMPSTEAD, Appellant.— Order denying defendant's motion to vacate certiorari order and granting petitioners' motion to amend the petition and the certiorari order *nunc pro tunc* affirmed, with ten dollars costs and disbursements, with leave to appellant to file the return within ten days from service of a copy of the order herein. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

In the Matter of HERMAN SCHNEIDER, an Incompetent Person. GEORGE GUMPERT, Custodian of the Person of the Incompetent, Appellant; SAMUEL FINGERHUT, Substituted Committee, etc., Respondent.— Order affirmed, with ten dollars costs and disbursements. Appellant had no authority to spend any money for the incompetent other than that received from the committee under order of the court, save in an emergency, of which there is no suggestion in the record, except possibly for medical and dental services. In expending the money claimed, appellant was a volunteer. Since there is nothing in the petition which indicates that twenty dollars per week was not sufficient to take care of the incompetent, including the items for which payment is here sought, except as stated, the medical and dental bills, for the payment of which the court has allowed more than is sufficient, before incurring these obligations appellant should have obtained the consent of the committee, who, if the expenditures and services were necessary, could have obtained an order authorizing them, or could have paid them and taken the responsibility of obtaining the approval of the court, which would be given if the services were necessary and the charges reasonable. The former procedure is generally advisable. If further dentist's services are necessary, the committee should apply to the court for leave to expend the money. There is nothing in this record to warrant the reduction of the weekly payment to be made by the committee to appellant. If the committee was of the opinion that twenty dollars per week is excessive, it would be his duty to move for a reduction. If the committee is of the opinion that twelve dollars and fifty cents is not sufficient, then an application should be made to the court to increase the amount to cover what is necessary for the board, care and lodging of the incompetent, having in mind the nature of the incompetent's estate. Appellant has no standing on this appeal as far as the reduction of the weekly payments is concerned, as he is not a party aggrieved. Lazansky, P. J., Kapper and Carswell, JJ., concur; Young and Davis, JJ., dissent upon the ground that the court had no authority on its own motion to reduce the weekly allowance.·

HENRY J. KAELBER, Respondent, v. HOLLAND FURNACE COMPANY, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.