In the Matter of PATRICK RINN, an Incompetent Person. THE FRANKLIN SAVINGS BANK IN THE CITY OF NEW YORK, Appellant; HARLEM VALLEY STATE HOSPITAL and Another, Respondents.

First Department, December 7, 1934.

*Wilson M. Powell,* for the appellant.

*Robert P. Beyer, Assistant Attorney-General,* of counsel [*Keron F. Dwyer, Assistant Attorney-General,* with him on the brief; *John J. Bennett, Jr., Attorney-General,* and *Henry Epstein, Solicitor General*], for the respondent Harlem Valley State Hospital.

O'MALLEY, J. The order appealed from directs the appellant, The Franklin Savings Bank in the City of New York, to pay over to the superintendent of the Harlem Valley State Hospital the

full balance of an account in the name of Patrick Rinn. The propriety of the order is sought to be sustained on the authority of subdivision 14 of section 34 of the Mental Hygiene Law (enacted by section 3 of chapter 395 of the Laws of 1933). It provides:

" 14. The commissioner may authorize superintendents of state institutions in the department to receive funds due an inmate who has no committee, up to an amount not exceeding three hundred dollars without taking proceedings for the appointment of a committee. Such funds shall be placed to the credit of the inmates for whom received, and disbursed, on the order of the superintendent, to provide luxuries, comforts and necessities for such inmates, including support and burial expenses. The commissioner may authorize superintendents, on behalf of such inmates to give receipts, execute releases and other documents required by law or court order and to endorse checks and drafts, or to permit inmates to do so, in order that the proceeds may be deposited to the credit of such inmates in accordance with the provisions of this subdivision."

The obvious purpose of the statute was to authorize the receipt of a limited amount of funds belonging to an inmate of a State hospital by the superintendent without the appointment of a committee. Here no committee has been appointed.

Demand for the balance in the account in question, amounting to ninety-nine dollars and eighty-two cents, was made on August 25, 1933. It consisted of a communication from Dr. John R. Ross, superintendent of the hospital, inclosing bank book No. 349,914, in the name of Patrick Rinn, together with a statement dated August 21, 1933, by the Commissioner of the Department of Mental Hygiene purporting to authorize Ross to receive such balance. The signature of Rinn did not accompany the communication, nor was information given to enable the bank to identify the person in the hospital as Rinn, except as such identification might be determined by reference to the bank book and its entries. Upon refusal of the bank to comply with the request, this summary motion to compel compliance was made. A special guardian was appointed who reported in favor of the application.

The appeal is predicated upon the ground, among others, that the statute relied upon does not authorize the summary direction contained in the order. (*Matter of Gough*, 222 App. Div. 817; *Matter of Delaney*, 256 N. Y. 315.)

The Banking Law, section 248, subdivision 1, provides: " The sums deposited with any savings bank, together with any dividends credited thereto, shall be repaid to the depositors thereof respectively, or to their legal representatives."

Section 1356 of the Civil Practice Act provides for jurisdiction over the person and property of an incompetent. Section 1358 provides the method for the exercise of the court's powers. It reads: " The jurisdiction specified in this article, must be exercised by means of a committee of the person, or a committee of the property or of a particular portion of the property, of the incompetent person, appointed as prescribed in this article. The committee of the person and the committee of the property may be the same individual or different individuals, in the discretion of the court."

It is to be observed that the statute relied upon does not purport expressly to alter the provisions of the Civil Practice Act referred to; and by section 101 of the General Construction Law it is provided that the Consolidated Laws shall not be construed to amend, repeal or otherwise affect any provision of the Civil Practice Act " unless expressly so stated."

Whether the statute relied upon has repealed or modified in any way the provisions of section 1358 of the Civil Practice Act, need not be determined. Nor do we have to decide whether the word " receive," contained in section 34 of the Mental Hygiene Law, is sufficiently broad to authorize the superintendent to take steps or measures to enforce payment over to him of funds due an inmate, or merely to receive funds readily available. Even the incompetent himself could not enforce payment of this debt due him from the bank in this summary manner. If payment was refused upon his demand, he would be relegated to an action. The superintendent of the State institution where he is confined can have no greater rights than the creditor himself. Payment of a debt may not be enforced in a summary manner. (*Matter of Equitable Casualty & Surety Co.*, 235 App. Div. 250.) Furthermore, it does not appear from the affidavit on which the application was made that the superintendent has not already received funds belonging to the incompetent up to, or in excess of the $300 specified in the statute under consideration.

For these reasons, therefore, the order appealed from should be reversed and the motion denied, without costs.

FINCH, P. J., MARTIN, TOWNLEY and UNTERMYER, JJ., concur.

Order reversed and motion denied, without costs.