In the Matter of the Final Accounting of RALPH W. DOX, as Committee of the Person and Estate of WALTER R. McGUINNESS, an Incompetent.— Order reversed on the law and facts, with ten dollars costs and disbursements to appellant, payable from the funds of the incompetent in the hands of the Metropolitan Life Insurance Company; twenty-five dollars allowance granted to Hamlet A. Smyth, special guardian appointed herein, payable also from the funds in the hands of the Metropolitan Life Insurance Company; and motion of the Metropolitan Life Insurance Company to strike out certain portions of an order of the

Supreme Court made in this proceeding on the 2d day of December, 1941, granted, without costs. Memorandum: The direction to the Metropolitan Life Insurance Company to pay over to the superintendent of the Buffalo State Hospital the amount payable monthly by such insurance company to the incompetent, was not given by the Commissioner of Mental Hygiene pursuant to subdivision 14 of section 34 of the Mental Hygiene Law, but was given by the committee of the person and property of the incompetent at a time when the account of such committee had been judicially settled and an order discharging him as such committee had been granted by the Supreme Court. Such order was to become effective when the committee served upon the insurance company such direction to pay the incompetent's moneys to the superintendent of the Buffalo State Hospital. There is not any committee at present. The insurance company previously paid from time to time to the superintendent of such hospital from the funds of the incompetent the amount of $1,160. Thereafter, at the suggestion of the insurance company, a committee of the incompetent was appointed, and it is this committee which has attempted to dispose of all of the property of the incompetent. The court having jurisdiction of the property of an incompetent person, must preserve his property from waste or destruction and must provide for the payment of his debts therefrom. (Civ. Prac. Act, § 1357.) Such jurisdiction must be exercised by means of a committee of the property of the incompetent. (Civ. Prac. Act, § 1358.) The property of an incompetent may not be disposed of until a committee has been appointed. (*Finch* v. *Goldstein*, 245 N. Y. 300, 303; *Matter of Frank*, 283 id. 106.) The superintendent of a State hospital may not receive the funds of an inmate until a committee has been appointed. (*Matter of Rinn*, 242 App. Div. 523.) All concur. (The order denies a motion of the Metropolitan Life Insurance Company to modify a previous order which directed disability payments for the incompetent to the superintendent of the Buffalo State Hospital.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.