Matthew M. Levy, J.
The committee of the incompetent herein has presented this ex parte petition to the court for leave to render his final account and to be relieved as such committee. The g*round of his prayer is that the assets of the estate are now substantially depleted, and that, because of the small principal and small income, a committee is unnecessary and, consequently, the expense thereof should be saved (Civ. Prac. Act, § 1381, subd. 9).
I recognize that it may well be frustrating for a member of the Bar — who has been appointed by the court as the committee *167 of the person and property of an incompetent — to be but.a mere holder of a savings account passbook having a puny cash balance belonging to the incompetent or to be no more than the automatic conduit of meagre periodic disability payments from the health insurance company to the director of the State hospital where the incompetent is a patient. But my learned colleague who appointed the present committee undoubtedly hoped and expected that the committee would do and be more — that he would be a sort of big brother to, and general overseer of the well-being of, his ward. In any event, so long' as there are some assets in excess of $1,000 or some income, although not very large, there must still be — under the existing state of the law — someone capable of holding or receiving such assets and income for the benefit of the incompetent. And — presumably for good and valid reasons — the statute does not authorize or empower the director of the State hospital where the incompetent is a patient to act as his committee (Mental Hygiene Law, § 34, subd. 14).
Some time ago, the Court of Appeals made the situation crystal clear, with an emphasis which it placed in its opinion: “By statute, the custody of the person and the control and management of the property and affairs of an incompetent person and the use and disposition of his property are exclusively vested in the Supreme Court whose jurisdiction must be exercised by means of a committee appointed according to procedure provided in the Civil Practice Act (Civ. Prac. Act, §§ 1356-1358). There may be no interference with or disposition of his property until such jurisdiction is exercised and a committee appointed whose proceedings are subject continuously to proper and orderly supervision of the court (Matter of Schneider, 234 App. Div. 722; Matter of Rinn, 242 App. Div. 523; Finch v. Goldstein, 245 N. Y. 300; Matter of Frank, 283 N. Y. 106). The order of Special' Term authorizing a committee to designate the Superintendent of Buffalo State Hospital to receive the property of the incompetent and for the discharge of the committee and his bond from liability upon making such designation was without authority of law.” (Matter of McGuinness, 290 N. Y. 117, 118-119, affg. 264 App. Div. 944, 945.) In the circumstances, it is not for me to do aught but deny the request — and this I do.
The result may be that the services that the present committee must continue to render in this estate cannot be adequately compensated for — if paid for at all — but that is a sympathetic element that cannot be legally controlling. The committee is an attorney and as such he is doubly an officer of the court. *168 Every now and then, an attorney is awarded and accepts a judicial designation that is not and cannot be financially rewarding. Such a one is the appointment as the committee of an impecunious incompetent. One who, by consent or accident, finds himself in that status must gain solace and satisfaction in recalling that the practice of law is not only a business but also a profession, not only a private enterprise but also a public calling, and that, in his own private, unheralded way, he is rendering an important public service.
As I have said, this application of the petitioner is denied, but such denial is, of course, without prejudice to a motion, upon proper grounds and upon proper notice to the incompetent’s relatives and to appropriate public officials, by which the committee may seek to be relieved of his responsibility as such and ask for the appointment of a substitute committee-.