Mario Pittoni, J.
Plaintiff’s motion for an order directing the Long Island Trust Company to open a safe-deposit box, held in the name of the defendant, and directing the receiver appointed in this action to take possession of any property contained therein is denied.
Plaintiff wife was granted a judgment of separation on July 22, 1959. Thereafter, various motions were made to punish defendant for failure to comply with the judgment of separation; and on December 23,1960 an order was signed requiring defendant to show cause why his property should not be sequestered and a receiver appointed. Prior to the signing of the show cause order on December 20, 1960, the defendant was certified and committed to Pilgrim State Hospital, as a mentally ill person, upon the certification of two qualified doctors of Meadowbrook Hospital, where the defendant had been admitted on December 10,1960 for observation.. At the time of the signing of the order to show cause, the court appointed a guardian ad litem and directed service upon that guardian ad litem, the Attorney-General of the State of New York and the Director of Pilgrim State Hospital.
On January 13,1961 an order was made appointing a receiver of defendant’s property. On February 20, 1961 David Krause was appointed as committee of the person and property of the *451 incompetent person, Zalman Grinberg, pursuant to section 1374 of the Civil Practice Act. The committee has qualified and is acting as such.
The application is opposed by the committee of the defendant and by the Attorney-General, representing Pilgrim State Hospital.
This motion must be denied because, as stated in Matter of McGuinness (290 N. Y. 117, 118): “ By statute, the custody of the person and the control and management of the property and affairs of an incompetent person and the use and disposition of his property are exclusively vested in the Supreme Court whose jurisdiction must be exercised by means of a committee appointed according to procedure provided in the Civil Practice Act (Civ. Prac. Act, §§ 1356-1358). There may be no interference with or disposition of his property until such jurisdiction is exercised and a committee appointed whose proceedings are subject continuously to proper and orderly supervision of the court (Matter of Schneider, 234 App. Div. 722 ; Matter of Rinn, 242 App. Div. 523; Finch v. Goldstein, 245 N. Y. 300; Matter of Frank, 283 N. Y. 106).” The order appointing the committee already has a direction that the committee take inventory of the contents of any safe-deposit box of the incompetent and that a list of the contents be certified and filed pursuant to section 1378 of the Civil Practice Act. Plaintiff’s motion is therefore denied.